G. BOWMAN v. THE STATE.

1. CHALLENGE—JURORS.—That a jury had been before impaneled as a jury on the trial of another defendant who had been tried, and in another case in which had been two trials, one of the defendant and the other of his co-defendant, the whole of said trials comprehending the theft of four horses, is not a cause of challenge to the array.

2. CHALLENGE OF JURORS, HOW REVISED ON APPEAL.—Nor can such facts be considered on appeal as cause of special challenge to the individual jurors, unless it appears by bill of exceptions that the defendant had exhausted his peremptory challenges.

APPEAL from Parker. Tried below before the Hon. Charles Soward.

*Hood & McCall,* for appellant.

*Browne,* for the State.

GOULD, ASSOCIATE JUSTICE.—With a single exception the questions involved in this case were settled in a case decided at the recent session at Austin, wherein the same

party was appellant.  It will therefore be only necessary to dispose of this one additional question.

The record shows that the defendant challenged "the array of twelve men called as jurors" to try the cause, because they had been before impaneled and sworn as jurors in this cause on the trial of the other defendant, and also in another cause in which there had been two trials, one of defendant and another of his co-defendant, the whole of said trials comprehending the question of theft of four horses.  To this challenge to the array the District Attorney demurred, and the court sustained the demurrer; the defendant's exception to the ruling being noted in the record.

Art. 3034, Pas. Dig., is as follows: "The defendant may challenge the array for the following cause only: that the officer summoning the jury has acted corruptly, and has willfully summoned persons upon the jury known to be prejudiced against defendant, and with a view to cause him to be convicted."

The ruling of the court was in conformity with the literal requirements of this statute, and was not in itself erroneous.  If, however, it should be held that the court should have treated the challenge to the array as in substance a challenge for error to each individual juror of the array, and if it be conceded, in opposition to the ruling in Thomas *v.* State, 36 Tex., 316, that the proper construction of the statute, which makes it cause of challenge to a juror "that he has served on the petit jury in a former trial of the same case," is that it enlarges the common-law rule, and includes a former trial of a co-defendant, still it does not appear that the defendant was in any way prejudiced by the ruling objected to.  We are not informed by bill of exceptions or otherwise that he exhausted his peremptory challenges, or that he was finally forced to trial before a jury in anywise objectionable; and it is observable, in this connection, that neither in the motion for new trial nor in the assignment of errors is any mention made of the ruling

or the challenge to the array. We think the possibility that defendant may have been forced by this ruling to accept jurors whom he would have otherwise rejected is not sufficient ground for reversing this case. (Johnson v. State, 27 Tex., 764.) Especially do we not feel justified in reversing the case when, in addition, it is remembered that the ruling of the court was strictly correct; and if any injury has resulted to defendant, it is because of his own failure to use the means plainly pointed out by the statute to enable him to secure an impartial jury.

The judgment is affirmed.

AFFIRMED.