### F. Castanedo v. The State.

1. Practice. — To make objections to evidence available on appeal, they and the matters objected to must be set out in a bill of exceptions, or else, as now allowed by the Rules of Court, be noted and set out in a statement of facts.

2. Practice in this Court. — Unless objections to evidence and the evidence objected to be brought up in the record, this court will consider only the validity of the indictment, and the sufficiency of the charge to the jury upon any state of evidence adducible under the indictment.

3. CHALLENGE TO THE ARRAY is allowable only for the cause prescribed in
   the Code, to wit, "that the officer summoning the jury has acted cor-
   ruptly, and has wilfully summoned persons upon the jury known to be
   prejudiced against the defendant, and with a view to cause him to be
   convicted."
4. SAME. — Unless a bill of exceptions was reserved to the overruling of a
   challenge to the array, the ruling is not revisable; and when, as in the
   present case, the record nowhere discloses that the challenge was called to
   the attention of the court below, the presumption obtains that it was
   waived.

APPEAL from the District Court of Starr.    Tried below
before the Hon. J. C. RUSSELL.

The opinion indicates every thing disclosed by the record.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    Appellant was indicted for the murder
of one Isidor Lopez, alleged to have been committed in the
county of Starr on the twenty-third day of July, 1877.    He
was convicted of murder in the second degree, and his punish-
ment affixed at confinement in the penitentiary for a period
of twenty years.    We find twelve errors complained of in
the assignment of errors, most of them relating to the ad-
missibility of evidence.    There is, however, no statement
of facts nor bill of exceptions in the record to enable us to
determine the truth of the matters indicated.

If parties on trials in the courts below really desire to
avail themselves of their objections to evidence, on appeal,
they must make the objections appear either by a sepa-
rate bill of exceptions, setting out the objectionable matter,
or prepare a statement of facts and have their exceptions
noted in the statement of facts in connection with the ob-
jectionable testimony.    "Exceptions to evidence admitted
over objections made to it on the trial may be embraced in
the statement of facts, in connection with the evidence ob-

jected to." "Rules for the District Court," Rule 56, 2 Texas Ct. App. 666. This rule was held to apply in criminal as well as civil cases, in the case of *Cooper* v. *The State*, decided at the late Tyler term, *ante*, p. 194. Without a statement of the facts in evidence before the court below, or a bill of exceptions disclosing the objectionable evidence, this court, on appeal, will only consider the validity of the indictment, and the sufficiency of the charge of the court to any legitimate state of evidence which might arise under the case as charged in the indictment. *Longley* v. *The State*, 3 Texas Ct. App. 611, and authorities cited.

In this case no valid objection is perceived either to the indictment, the charge of the court as given to the jury, nor to the refusal of the court to give the special instructions asked for defendant.

As a preliminary step, defendant challenged the array of the jury summoned to try the case, but his challenge was not even in substantial compliance with the statute, which provides that " the defendant may challenge the array [of the jury] for the following cause only : That the officer summoning the jury has acted corruptly, and has wilfully summoned persons upon the jury known to be prejudiced against the defendant, and with a view to cause him to be convicted." Pasc. Dig., art. 3034 ; *Bowman* v. *The State*, 41 Texas, 417. Had the challenge been in conformity to law, a bill of exceptions should have been reserved to the action of the court overruling it. As it is, the record in this case does not disclose that the challenge was called to the attention of, or ever acted upon by, the court. Under such circumstances, we might well presume that it had been waived by defendant on the trial.

In the attitude of the case before us, we cannot see that any error has been committed in the lower court, and the judgment is therefore affirmed.

*Affirmed.*