FERRA WILLIAMS *et al.*

*v.*

THE SUPREME COURT OF HONOR.

*Opinion filed April 17, 1906.*

1. JURORS—*nature and strength of opinion formed by juror is to be determined by trial court.* The nature and strength of the opinion which a juror admits he has formed from reading a newspaper account of the case is to be determined by the trial court, which may consider the source of the opinion and the manner, appearance and candor of the juror as well as his statements, and the determination of the trial court should not be set aside unless error is manifest.

2. SAME—*effect where juror states that he has formed an opinion.* Whether the fact that a juror has formed an opinion as to the case is cause for challenge depends largely upon the strength of such opinion, as ranging from a mere impression to a settled conviction; and the mere fact that he states that it will require evidence to change that opinion and that he will otherwise give his verdict in accordance with such opinion is not cause for challenge, irrespective of the degree of evidence its removal will require.

3. SAME—*fact that juror has formed hypothetical opinion is not ground for challenge.* The mere fact that a juror has formed an opinion based upon a newspaper account of the case is not ground for challenge, where he has no knowledge or conviction as to the facts of the case or the truth of the newspaper account, is not biased or prejudiced and has not expressed his opinion.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the City Court of Mattoon; the Hon. L. C. HENLEY, Judge, presiding.

F. K. DUNN, and JOHN McNUTT, Jr., for plaintiffs in error:

A juror, after admitting the existence in his mind of a decided opinion upon the merits of the case gained through rumor or otherwise, cannot be permitted to establish his own competency by testifying that, notwithstanding his opinion,

he can or will render a fair and impartial verdict. Such opinion is a disqualification *per se,* and is incapable of being removed by the testimony of the juror or other evidence tending to show that it will not affect his verdict. *Eames* v. *Smith,* 3 Scam. 76; *Collins* v. *People,* 48 Ill. 145; *Railroad Co.* v. *Adler,* 56 id. 344; *Davis* v. *Walker,* 60 id. 452; *Insurance Co.* v. *Ward,* 90 id. 545; *Railroad Co.* v. *Perkins,* 125 id. 127; *Coughlin* v. *People,* 144 id. 140.

It is not necessary that this opinion should be so strong that it could not be shaken by evidence. It is sufficient if proof be necessary to restore impartiality. A party should never be compelled to produce proof to change a preconceived opinion which may control the action of the juror. *Burr's Trial,* 416; *Insurance Co.* v. *Schueller,* 60 Ill. 465; *Coughlin* v. *People,* 144 id. 177.

Plaintiffs in error had exhausted their peremptory challenges, and it was error to not allow their challenge, for cause, of Fickes. *Railway Co.* v. *Lux,* 63 Ill. 523; *Collins* v. *People,* 103 id. 21; *Ochs* v. *People,* 124 id. 399.

The common law qualification of jurors in civil cases is not modified by the statutory provisions in regard to opinions based upon rumor or newspaper statements, as those provisions are expressly limited to criminal cases. Rev. Stat. chap. 78, sec. 14.

CRAIG & KINZEL, (WILLIAM B. RISSE, of counsel,) for defendant in error:

An opinion is not necessarily such as to disqualify a juror merely because evidence will be necessary to remove it. In support of this view it is said that any opinions or impressions, however slight, will necessarily require some evidence to efface them. 17 Am. & Eng. Ency. of Law, (2d ed.) 1147, and cases cited; *State* v. *Tom,* 8 Ore. 177; *Hayden* v. *Long,* id. 244.

As a general rule, the courts will not exclude a juror on account of opinions he may possess, if they are founded on

rumors or newspaper reports. 17 Am. & Eng. Ency. of Law, (2d ed.) 1143, and cases cited.

It is impossible to specify the particular forms of statements by a venireman, upon his examination on the *voir dire,* which will show a disqualifying opinion or the reverse. Such statements are infinite in variety, besides which, not only his verbal statements but also his appearance and manner have weight with the court. The juror's competency in this regard is to be determined upon his whole examination, and not upon a part thereof, or by his use of particular expressions. 17 Am. & Eng. Ency. of Law, (2d ed.) 1150, and cases cited; *Reynolds* v. *United States,* 98 U. S. 145; *Thomas* v. *People,* 67 N. Y. 220.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Third District affirmed a judgment for costs rendered by the city court of Mattoon against plaintiffs in error in a suit brought by them upon a benefit certificate issued by defendant in error to Clinton Williams, and payable on his death to plaintiffs in error, as his widow and children. The record is brought here by writ of error issued to the Appellate Court.

By the terms of the contract of insurance the defendant was not liable if Clinton Williams committed suicide, "whether sane or insane, except it be committed in delirium resulting from illness, or where the member is under treatment for insanity or has been judicially declared to be insane," and the defense set up by plea was that he committed suicide. The court proceeded to empanel a jury to try the issue, and after the plaintiffs had exhausted their peremptory challenges Charles W. Fickes was called from the regular panel of jurors and was first examined by counsel for defendant. He said that he did not know the plaintiffs and did not know Clinton Williams in his lifetime; that he never had any business relations with and was not related to coun-

sel on either side; that he read a newspaper account of the occurrence when Williams died, eight or nine months previously; that he never talked with any one who professed to know the facts in the case; that he formed an opinion about the case from the newspaper account, but never expressed any opinion; that he did not know whether the newspaper account was true or not; that it would require evidence to remove the opinion; that he would be governed by the evidence produced and the instructions given by the court; that he had no prejudice for or against either party, and knew of no reason why he could not give the parties a fair and impartial trial. He was accepted by the defendant and was then examined by counsel for plaintiffs. He repeated substantially what he had said before; that he had an opinion but never told any one of it; that it would require evidence to remove his opinion; that he believed he could and would try the case fairly and impartially; that if his opinion was not disproved by the evidence he would give his verdict according to the opinion, and that he was not a member of the Court of Honor. Plaintiffs challenged the juror for cause, and in answer to questions by the court he then said that his opinion was acquired only from reading newspapers; that the evidence would have to show him that his opinion was wrong, but that he would be governed by the law as given by the court and the evidence as produced upon the witness stand. On re-examination by plaintiffs' counsel he repeated that if the evidence did not disprove his opinion he would find a verdict according to the opinion. The challenge was overruled and the juror sat in the trial of the cause.

It is assigned for error that the court erred in disallowing the challenge of the juror, and this raises the question whether the examination of the juror showed that he had prejudged the case so as to disable him from acting fairly and impartially in its decision. The determination of the question depends upon the nature and strength of the opinion which the juror said he had formed and its probable influence

upon his decision as a juror. An opinion may be of a slight and indefinite character, amounting to little more than a vague impression, or so fixed and definite as to amount to a belief or conviction as to the merits of a case, or may be of any intermediate shade or degree. The juror had never given expression to his opinion, and when the question whether the formation of an opinion which had not been expressed would disqualify a juror first arose in this State in the case of *Noble* v. *People,* Breese, 54, it was held that it would not. The court then drew a distinction between an opinion which had been expressed and one which had not, in their influence upon the action of the juror, based on the natural inclination of every person to appear consistent. The distinction has not been observed to the same extent in subsequent cases, but the reason given still has much force in determining whether the juror is disqualified. Soon afterward, rules on the subject were laid down in the case of *Smith* v. *Eames,* 3 Scam. 76, which have ever since been adhered to and have been applied to the facts as they appeared in the different cases. In that case a juror said he had formed and expressed an opinion in relation to the right of the plaintiff to recover; that he had formed the opinion from rumor; that he did not know who the witnesses were, and that he still entertained the opinion if what he had heard was true. The opinion had not only been formed but had also been expressed, but it was held that the challenge was properly disallowed. The court said that if a juror has no prejudice or bias of any kind for or against either party, and has no knowledge of the facts but has heard rumors in regard to the case, and from such rumors has formed or expressed an opinion in a particular way if they were true, without expressing any belief in their truth, he is not disqualified. The court considered the source of information, and held that a juror in such a case has not prejudged the case unless the evidence is the same as the rumors, and if the impression created by rumor or newspaper report has not ripened into

definite opinion which will influence the juror he will not be disqualified thereby. The rule permanently established by that decision was as follows (p. 80) : "We then lay down this rule : that if a juror has made up a decided opinion on the merits of the case, either from a personal knowledge of the facts, from the statements of witnesses, from the relations of the parties, or either of them, or from rumor, and that opinion is positive and not hypothetical, and such as will probably prevent him from giving an impartial verdict, the challenge should be allowed. If the opinion be merely of a light and transient character, such as is usually formed by persons in every community upon hearing a current report, and which may be changed by the relation of the next person met with, and which does not show a conviction of the mind and a fixed conclusion thereon, or if it be hypothetical, the challenge ought not to be allowed."

At the same term of court the case of *Gardner* v. *People,* 3 Scam. 83, was decided and the rule was applied. Three jurors had testified that they had formed and expressed opinions, from report, as to the guilt or innocence of the prisoner ; that they had heard none of the witnesses, nor any other person who professed to know the facts, detail them ; that they had no reason to believe or disbelieve the reports more than any other reports, and that they had expressed their opinion to the effect that if the reports were true their opinion was so and so. . Here, again, the opinions were not only formed but expressed. The court said that the jurors, tested by the rule, were clearly competent.

In *Baxter* v. *People,* 3 Gilm. 368, a juror, when he was first examined, said that he had formed and expressed an opinion from reports. It appeared that he had no opinion whether the rumors he had heard were true or false, and that the opinion he had formed was not of a fixed and definite character. It was decided that the court very properly held him competent to try the case, and that his mind had settled down upon no conviction as to the merits of the case. The

court said that the task of laying down a rule so clear and distinct as to leave no difficulty in its application in practice was so difficult that it had never yet been accomplished; that the difficulty consisted in describing the point, between the slightest ·imaginable impression, conceived from the most vague and unsatisfactory rumor, on one hand, and the most positive and certain conviction on the other, at which a juror becomes incompetent; that there is less difficulty in establishing than in applying the rule, arising in great measure from the difficulty which jurors experience in explaining, so that it may be fully comprehended, the true condition of. their mind on the subject of inquiry.

It is manifest that the question of the nature and strength of the opinion formed is peculiarly for the trial court to determine, and that the weight to be given to the statements of the juror is properly influenced, ·to a great extent, by his manner and appearance and apparent candor or want of candor. The finding of the trial court on the issue raised by the challenge may properly be based as much upon these considerations as upon the words of the juror, and the finding ought not to be set aside unless the error is manifest. (*Reynolds* v. *United States,* 98 U. S. 145; 17 Am. & Eng. Ency. of Law,—2d ed.—1150.) In *Leach* v. *People,* 53 Ill. 311, two jurors testified that they had opinions formed from current report, but it appeared that their minds had not settled down upon any conviction. They were held to be competent. The doctrine of these cases has been consistently followed from the time it was adopted, and was applied in *Thompson* v. *People,* 24 Ill. 61, *Lycoming Fire Ins. Co.* v. *Ward,* 90 id. 545, and *Gradle* v. *Hoffman,* 105 id. 147, where jurors were held to be competent; and in *Neely* v. *People,* 13 Ill. 685, *Gray* v. *People,* 26 id. 344, *Collins* v. *People,* 48 id. 145, *Davis* v. *Walker,* 60 id. 452, and *Coughlin* v. *People,* 144 id. 140, in which the opinions entertained by the jurors were fixed and settled, amounting to a belief as to the merits of the case.

In this case the juror said that he had formed an opinion but had never expressed it; that it was not based upon personal knowledge or information from any person who claimed to know the facts, but was based upon newspaper accounts, as to the truth of which he had no knowledge. If such an opinion would disqualify a juror it would be practically impossible to obtain a jury in any case in which the material facts are of sufficient interest or importance to justify a newspaper report of them. No person of sufficient intelligence to sit as a juror in a case can hear or read a report of any occurrence, where he has no reason to disbelieve the report, without receiving some impression or forming a hypothetical opinion depending upon the truth of the report. The statement of any intelligent juror that he did not, under such circumstances, receive an impression or form an opinion of that hypothetical character would be entitled to little weight unless it is to be regarded as a statement that he has reserved his final judgment for the evidence in the case. It is not necessary that a juror should be so ignorant as to have no information of current events or that his mind should be incapable of receiving impressions or forming opinions. Tested by these rules the juror in this case was competent and the challenge was properly disallowed. He had no bias or prejudice and knew nothing about the facts or the truth of the newspaper account upon which the opinion was based. The opinion was evidently such as is usually formed by any person who reads a newspaper account of an occurrence. Such an opinion is hypothetical, depending on the truth of the account, and is readily changed by any contradictory report or account of the occurrence. The source of the information as inspiring belief in the facts is always properly considered, and an opinion such as was entertained by the juror was held not to be a disqualification in the cases above referred to.

It is particularly urged as ground for disqualification that the juror said it would require evidence to remove his

opinion, and if the evidence did not disprove it he would find a verdict according to such opinion.  But that amounted to nothing more than saying that if the evidence corresponded with the newspaper account he would return a verdict according to the opinion already formed, and if it did not he would return a different verdict.  Whether the fact that it would require evidence to remove the opinion was a disqualification depends upon the nature of the opinion as uncertain, transitory and hypothetical, or as certain, established and definite and the amount and quality of evidence necessary to remove it.  It might be that the slightest evidence to the contrary would completely efface the opinion.  Of course, it would require some evidence of the facts to remove any impression or opinion, however slight; but he knew nothing about the facts or the truth of the report, and any contradiction of it would be sufficient for that purpose.  The court did not err in disallowing the challenge.

The only other ground upon which a reversal is asked is the giving of the eleventh instruction at the instance of the defendant.  It is urged that it was practically an instruction to find for the defendant if Williams had not contributed any money to the benefit fund of the defendant.  The instruction was badly drawn, but we do not think the jury would understand it in that way.  It stated that while the burden of proof was upon the defendant to show that Clinton Williams committed suicide and that it was not committed under any of the three exceptions stated in the certificate, yet if the jury believed, from the evidence, that he committed suicide while under none of said disabilities, the burden of proving that he was unconscious of the physical nature of the action of self-destruction was upon the plaintiffs, and if the jury believed that he had contributed no money to the benefit fund they should find for the defendant.  We think that the jury would understand that they must believe, from the evidence, that Williams committed suicide under conditions which would relieve the defendant from liability, and there was no

evidence tending to prove that he was unconscious of the physical nature of his act. But whatever the instruction may have meant to the jury we do not consider it ground for reversal, for the reason that the jury could not have found otherwise than they did on the question of suicide. The evidence was conclusive on that subject.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*