GUS KENECHT v. THE STATE.

No. 4191. Decided March 20, 1908.

**Local Option—Jury and Jury Law—Challenge for Cause.**

Where upon trial for a violation of the local option law, defendant's codefendant had been tried for the same offense under a separate complaint, and the testimony of the State rested upon a common witness, and was similar in each case, the jurors who tried said codefendant were disqualified from trying defendant, and the challenge for cause should have been sustained. Following Holmes v. State, 52 Texas Crim. Rep., 353.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty $25, and twenty days confinement in the county jail.

The opinion states the case.

*Smith & Wall,* for appellant.—Rothschild v. State, 7 Texas Crim. App., 540; Clarke v. State, 44 Texas Crim. Rep., 536; 72 S. W. Rep., 591; Shannon v. State, 34 Texas Crim. Rep., 5; Obinchain v. State, 35 Texas Crim. Rep., 490; Gilmore v. State, 37 Texas Crim. Rep., 81; Keaton v. State, 40 Texas Crim. Rep., 144; Sessions v. State, 37 Texas Crim. Rep., 62; Drye v. State, 40 Texas Crim. Rep., 125; Goble v. State, 42 Texas Crim. Rep., 501; 60 S. W. Rep., 968.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases stated in opinion.

BROOKS, Judge.—This is a conviction for violating the local option law.

Bill of exceptions No. 1 complains that when the panel was presented to appellant from which to select a jury, there were five men on the panel who had sat in the courthouse and had heard the testimony of the State's witness Jenkins, in the trial of the case against one King, which grew out of the same state of facts upon which appellant was tried; that by reason of these jurors having heard said testimony that they were disqualified from sitting in the case, and the defendant peremptorily challenged the said jurors. The court overruled the challenge and appellant, exercising his right under the law, challenged three of these five jurors, and that defendant was compelled to go to trial with the jury having two of the five jurors on it; and though the said jurors testified they had no prejudice against the defendant, had formed no opinion as to his guilt or innocence and that they would give him a fair and impartial trial, yet appellant insists that said jurors were disqualified. The fact that a juror has sat in a case of a codefendant for the same theft for which the defendant was being tried is no cause for challenge to the array. See Bowman v. State, 41 Texas, 417. It is no ground for challenge to the array that the jury heard and tried a case against another party charged with an offense of the same character. Anderson v. State, 34 Texas Crim. Rep., 96. Nor is it ground for challenge that some of the jurors summoned had sat on the trial of another person for the same offense with which the defendant was charged. See Staley v. State, 29 S. W. Rep., 272. In the case of Arnold v. State, 38 Texas Crim. Rep., 1, we held that it was no ground for challenge that the jury had tried a defendant in a case for selling liquor in March where they were empaneled to try a case for selling in June. See also Wade v. State, 12 Texas Crim. App., 368.

The jurors were not disqualified and the court did not err in not sustaining appellant's peremptory challenge. There are no other questions requiring review. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 20, 1908.

BROOKS, Judge.—This case was affirmed on a former day of this court, and now comes before us on motion for rehearing.

In the Holmes case, decided at the present term of this court, we held that where the witness to whom the alleged sale was made, and the party making the sale was the same party, in two cases, that jurors who heard evidence in one case were disqualified and did not constitute fair and impartial jurors in the other case. In this case we have two joint defendants in the same offense, though prosecuted by separate charges with a common witness, and after further considering the facts, we think that these jurors were also disqualified under the principle laid down in the Holmes case. Accordingly the rehearing is granted, and the judgment reversed and the cause is remanded.

*Reversed and remanded.*