### FRANK ROSS v. THE STATE.

No. 4063. Decided May 19, 1909.

**1.—Local Option—Continuance—Want of Diligence.**

Where upon trial of a violation of the local option law the application for continuance did not show that the absent witness had not left the State and that there was any probability of his return, there was no error in overruling same.

**2.—Same—Postponement.**

Upon trial of a violation of the local option law where it was not shown that any steps had been taken to procure the absent testimony there was no error in refusing postponement of the trial.

**3.—Same—Jury and Jury Law—Challenge to Array—Jury Commissioners.**

Where upon trial of a violation of the local option law it was not shown whether the jury who tried defendant was selected by the jury commissioners, it will be presumed that they were so elected and no challenge to the array is allowed; and it appearing that said jury had tried another case and different offense, this would not disqualify them.

**4.—Same—Evidence—Hearsay.**

Where upon trial of a violation of the local option law, the main point at issue was the character of the prosecuting witness, it was reversible error to admit in evidence a certain clearance card of a railroad company stating that the services of the prosecuting witness had been satisfactory and that he left of his own accord; this was clearly hearsay testimony.

Appeal from the County Court of Montague. Tried below before the Hon. Geo. S. Marsh.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

*Jas. A. Graham,* for appellant.—On question of introducing clearance card: Carnes v. State, 50 Texas Crim. Rep., 282; 99 S. W. Rep., 98; Byrd v. State, 51 Texas Crim. Rep., 539; 103 S. W. Rep., 863.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This was a conviction for violating the local option law, the punishment assessed being a fine of $25 and twenty days imprisonment in the county jail.

Appellant presented application for continuance. The same is defective in that it does not show whether the witness had permanently left the State or not, and does not show to the court any probability that the witness will ever be back in Texas.

During the progress of the trial appellant made a motion to postpone same in order that he might procure the testimony of several witnesses by whom he could establish an alibi for defendant; that he had not been advised as to the time when the offense was alleged to have been committed. The date alleged in the information of the commission of the offense was April 1, 1907. The record does not show any steps to procure the testimony, and this is not a matter of surprise, as has been frequently held by this court. It follows that the court did not err in refusing the postponement.

The record contains a motion to quash the panel of the jury because appellant says they are made up of Prohibitionists, and that they had practically formed an opinion against defendant, for six of the jurors had heard the testimony in another case where the defendant said he did not sell whisky, and, though he testified to that, they convicted him, and thereby had practically prejudged this case. The sale alleged in this case was shown to have been made to one Humphrey, while the sale in the other case in which he had been tried was made to one Bowman, and in no sense companion cases. This shows that the facts were different, and different witnesses, and would not disqualify the jury. Article 694 of the Code of Criminal Procedure provides that "the defendant may challenge the array for the following causes only: That the officers summoning the jury had acted corruptly, and had wilfully

summoned persons upon the jury known to be prejudiced against the defendant, with a view to cause him to be convicted." And article 662 says: "The preceding article does not apply when the jurors summoned are those who have been selected by jury commissioners. In such a case no challenge to the array is allowed." The bill of exceptions here fails to show whether the jury was selected by the jury commissioners or not, and in the absence of such statement in the record it will be presumed the jury was organized accordingly to law, and drawn by the jury commissioners, and the only question that can be presented here would be that the jury had formed an opinion in the case, and this can not be held so where it is a different offense, and where the State relies upon different witnesses.

The other questions have been passed upon by this court in various local option cases, and, finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 19, 1909. ⋅

BROOKS, JUDGE.—This case was affirmed at a former sitting of this court, and now comes before us on motion for rehearing.

In the original opinion we failed to pass upon bill of exceptions No. 2, which presents the following matter: While the witness A. L. Humphrey was testifying for the State, and after he had testified to purchasing the bottle of whisky from the defendant, and on cross-examination by defendant's counsel had admitted that, while working for the Fort Worth & Denver Ry. Co., at Childress, he had cashed his time check for $138, and that the original time check had been issued for $38, and said witness had sought to make his explanation thereof, the State's counsel presented said witness with what was called a clearance card, and the witness identified same, and testified that he had seen the proper officer sign the same at the time it was delivered ⋅ to him, whereupon the State's counsel proposed to read said clearance card as evidence to the jury, and before same was read as evidence defendant's counsel objected, for the reason that the card was hearsay, and the same did not purport to be under oath of the party who executed same, which objections were by the court overruled, and the clearance card, which is as follows, was by the State read in evidence to the jury:

"FORM 2012.

"Fort Worth & Denver City Railway Co.
"Certificate No. 492.
"Impression copy to be taken in book kept for that purpose.
"Childress, Texas, January 29, 1903.

"This is to certify, that A. L. Humphrey has been employed in the capacity of wiper at Childress, in the M. P. & C. department of the

Fort Worth & Denver City Railway Co., from August 18, 1901, to January 28, 1903.

"Services satisfactory.   Left of his own accord.

"Yours truly,

"MILTON PLAYER,

"Master Mechanic.

"(Stamp) : Master Mechanic, Childress, Texas, F. W. & D. C. Ry., Jan. 29, 1903."

This testimony should not have been admitted.   It was clearly hearsay testimony, introducing the opinion of an outside party as to the character of the prosecuting witness, and this was the main point in the case: as to whether the prosecuting witness was a credible one. Being the main witness in the case, it clearly authorizes a reversal of this judgment.   Accordingly the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*