FRANK ENGMAN v. THE STATE.

No. 3713. Decided November 17, 1915.

**1.—Local Option—Jury and Jury Law—Challenge for Cause.**

Where there was no contest as to whether local option was in force in the county of the prosecution, but the sole issue was whether or not defendant had made a sale to the person named in the indictment, there was no error in overruling defendant's motion to challenge certain jurors for cause because they had been jurors in another case in which defendant had been convicted of making a sale to a different party than the one charged in the instant indictment, or that some of the jurors had an opinion that defendant had been guilty

of violating the local option law in the other case. Distinguishing Edgar v. State, 59 Texas Crim. Rep., 252. Davidson, Judge, dissenting.

### 2.—Same—Case Stated—Rule Stated.

Where the environments in the instant case and in the former case when this defendant was convicted were wholly different, there was no error in overruling defendant's challenge for cause to certain jurors who had sat upon the other case in which defendant was convicted. Davidson, Judge, dissenting.

### 3.—Same—Evidence—Other Offenses—System.

Where, upon trial of a violation of the local option law, the State's witness testified that defendant laid the whisky at a particular place, where witness picked it up, and left the money there, it was incumbent on the State to prove that this was the system defendant had of making sales, and, therefore, testimony of other similar transactions was admissible, the court properly limiting the testimony. Davidson, Judge, dissenting.

### 4.—Same—Charge of Court—Sufficiency of the Evidence.

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error in refusing a peremptory instruction to acquit, or other special charges which were embraced in the main charge

### 5.—Same—Jury and Jury Law—Practice—Harmless Error.

Where it was not contended that one of the jurors who had been inadvertently taken from the list, was an unfair juror. it was too late to raise this question after the verdict had been returned.

### 6.—Same—Sentence—Practice—Cumulative Sentence.

Where the lower court did not make the sentence cumulative in the two cases in which defendant was convicted, but later, in the absence of defendant, made the same cumulative, the same was error; however, this court is authorized to correct this matter on appeal.

Appeal from the District Court of Potter. Tried below before the Hon. Hugh L. Umphres.

Appeal from a conviction of unlawfully selling intoxicating liquors in local option territory; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Lumpkin & Harrington* and *Cooper & Merrill,* for appellant.—On question of challenge of jurors: Gilmore v. State, 38 S. W. Rep., 787; Sessions v. State, 38 S. W. Rep., 605; Shannon v. State, 28 S. W. Rep., 540; Willis v. State, 9 Texas Crim. App., 297; Jacobs v. State, 9 Texas Crim. App., 278; Dunn v. State, 7 id., 600.

On question of inadvertent selection of juror: Sterling v. State, 15 Texas Crim. App., 249; Ellison v. State, 12 id., 567; Hill v. State, 10 id., 618.

On question of other transactions: Mitchell v. State, 159 S. W. Rep., 1073.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at one year confinement in the State penitentiary.

In the first bill of exceptions it is made to appear that W. A. Rice, Frank Morris, W. D. Hopkins, and G. J. Brothers were jurors in another case in which appellant had been convicted of making a sale of intoxicating liquor to Frank Pilcher. The indictment in this case charged him with making a sale to another and different person, towit: Sid Denson. In the bill it is also shown that the above named jurors on their voir dire examination, and O. P. Elliott, W. J. Williams, Frank Loper and D. J. Muncy answered that they had an opinion that appellant had been guilty of violating the local option law, and selling intoxicating liquors, but answered that they had no opinion as to whether or not appellant had made a sale of intoxicating liquor to Sid Denson. That was the sole issue to be tried in the case. There was no contest as to whether local option was in force in Potter County, but the sole issue would be whether or not appellant had made a sale to a person named in the indictment, and on this issue each and every one of the men answered they had no opinion from hearsay or otherwise.

The question of when jurors are disqualified in this character of case was before this court in Edgar v. State, 59 Texas Crim. Rep., 253, and on page 488. In this latter case it was held where the witnesses were the same and the issues the same, the jurors are disqualified, and we think it correctly so held. But in the case on page 253 it is expressly held: "Where, upon trial for a violation of the local option law, the jurors were objected to on the ground that they had tried defendant in another case and convicted him, and it developed that the purchaser in the case tried was not the same as the one alleged in the indictment for which defendant was being tried, and that the environments and conditions of the case which had been tried were different from the one which was being tried, there was no error in overruling challenges for cause of said jurors, they answering they would try the cause according to the law and the evidence." This is peculiarly applicable to the facts in this case. Pilcher was not a witness in this case, and his name does not appear in the record, except where appellant injected it into the case in an answer he made on cross-examination. The appellant was asked if he had ever been indicted, charged with a felony, and he answered: "I don't know how many times I have been charged with a felony by indictment; I have been indicted several times for felonies; bribery and this other offense, a felony. I have never been convicted on but one, though, and that is that horse thief that they indicted me the other day. I am talking about Frank Pilcher. I did not prove that he was a horse thief when he was a witness against me. I will swear what other people have told me, they said he was a horse thief. I have been convicted but once and that was on the testimony of a horse thief." This is the only time Pilcher's name appeared in the entire record. The environments in this case and in the former case are wholly different. In this case Sid Denson testified to going into appellant's room and asking him if anything was doing. That appellant placed a quart of whisky on the dresser, and he went and picked it up and laid two dollars down on the dresser. He testified to several

similar transactions where appellant would place the whisky where he could get it, and he would leave the money at the place where he got the whisky.

Appellant testified in the case, and denied ever having made a sale of whisky to Denson. He said that he had given Denson several drinks of whisky, as he kept whisky for his own use, and that on one occasion he had given him some whisky in a quart bottle, Denson representing he wanted it for sickness, but he denied that Denson at any time had ever paid or offered to pay him anything for the whisky, or that he had ever received any money for it, either directly or indirectly.

So after the evidence was heard, the issue in this case solely was, was it a gift or a sale of the quart of whisky? No such issue was involved in the prior case, and as the jurors answered that they had no opinion as to whether appellant had sold Denson any whisky, the court did not err in his ruling. See also Arnold v. State, 38 Texas Crim. Rep., 5.

As the State's witness testified that appellant laid the whisky at a particular place, and witness picked it up and left the money at the place where he got the whisky, it was incumbent on the State to prove that this was the system appellant had of making sales, and evidence of other similar transactions was admissible on the issue of whether or not that was the way appellant had adopted in making sales, and the court did not err in so holding. Denson testified that he secured whisky from appellant a number of times, and that was always the way he did. The court gave five of appellant's special charges, among them being the following:

"You are instructed at the request of the defendant, as the law of this case, that it is not a violation of any penal law for one to give intoxicating liquors to another and that before you can convict the defendant in this case you must find and believe from the evidence beyond a reasonable doubt that the defendant, Frank Engman, intended to receive a consideration from the witness Denson, at the time he received the particular quart of whisky upon which this prosecution is based, and that the defendant, Frank Engman, knew that the said State's witness, Denson, would pay for the same at the time he placed it on the dresser, if he did so place it there, and that the said State's witness, Denson, was going to pay a valuable consideration therefor, and further, that the said Frank Engman knew that the said Denson intended to appropriate to his own use and keep the title and possession of the entire quantities of liquors contained in said bottle, if any there was, at the time it was so placed on said dresser, if it was so placed, and unless you find and believe from the evidence all of these facts it will be your duty to acquit the defendant, and say by your verdict not guilty."

The court also instructed the jury, at appellant's request:

"You are instructed that the State has elected to prosecute this defendant upon a transaction alleged to have occurred some time during

the summer of the year 1914 and in which the State claims that the State's witness, Denson, acquired a quart of whisky and in connection with the case as alleged by the State the said witness has been permitted to testify that he had other and different transactions with the defendant in which he acquired from defendant whisky. Now you are instructed that any and all of such transactions claimed to have been had by said witness, Denson, if any there were, were admitted for the purpose of proving a system pursued by the defendant for selling intoxicating liquors, if such evidence does so establish the same, and you must not consider the same for any other purpose and the defendant can not be convicted by you upon any other transaction than the one elected upon by the State."

He also gave special charges defining a sale, at appellant's request, and covered every feature of the case, therefore he did not err in refusing to give the one asking peremptory instructions of not guilty, nor special charge No. 7, it being fully covered in the court's main charge, and the other special charges given at appellant's request.

It appears that when the jury lists were returned to the clerk the name of J. A. Stirrett appeared on the list before the name of J. S. Blair, but in some way Blair and not Stirrett was sworn in and served on the jury. No objection was made at the time, and no objection made until after verdict, the complaint first being made in the motion for a new trial. As the names of both jurors were left unscratched or unmarked on the lists returned to the clerk, and a mistake in some way occurred, it not being contended that Blair was an unfair juror, it would be too late to raise this question after the verdict had been returned.

The only other bill complains that appellant was first sentenced in cause No. 1750, and then later sentence was pronounced in this cause, No. 1757. When sentence was first pronounced in this cause, the terms of sentence were not made cumulative, but by the sentence pronounced both would run concurrently. Appellant entered into recognizance in both causes, and was permitted to go at large. The court, later on, having his attention called to the fact that they would run concurrently, in the absence of appellant, changed the sentence in this cause so it would not begin until the expiration of the sentence in cause No. 1750. This the court had no authority to do in the absence of appellant. He is entitled to be personally present when the sentence is pronounced on him. However, we are authorized to correct this matter on appeal, and it is not necessary to reverse the cause because of such incorrect sentence. Having the verdict, judgment, and both sentences pronounced, in the record before us, the sentence in this cause will be reformed, and sentence entered authorizing appellant to be conveyed to the State penitentiary and be there confined for one year from the date of issuance of mandate in this cause under the verdict rendered in this cause.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—This conviction was for violation of the local option law. The evidence for the State is based upon testimony showing that the alleged purchaser, whose name is Denson, bought whisky from appellant. His testimony, in substance, is that he had been sheriff of Gray County; had visited Amarillo, the home of appellant, on several occasions. That on more than one occasion he had gone in appellant's room and had laid down money on the dresser either before or after he had obtained the whisky. These different transactions were introduced over objection of appellant. Various and sundry reasons are assigned why the testimony was not admissible. The defendant's evidence is to the effect that he never sold Denson any whisky and never got any money from him. That Denson would come to his room and they would take drinks together as he did with any and all of his friends who came to his room, and that if Denson left any money he never heard of it and did not know anything about it. The writer does not believe this testimony was admissible. Appellant was not charged with pursuing the business of selling intoxicating liquor, but was charged with making an isolated sale to Denson. If Denson's testimony was true, and that is the State's case, and he left the money and appellant got it, under the circumstances it would be a sale. The issue then was squarely presented as to whether this occurred or not. It was affirmed upon one side and denied on the other. Sometimes this character of testimony is admissible to make out a case by circumstances, but this is not one of the cases. But be that as it may, this evidence went before the jury evidently upon the theory of system, as the State's witness testifies in each case that he would get the whisky and place the money on a dresser or put it in a drawer. The State's theory evidently being this, it was system, and that this was the manner of selling. Appellant was indicted for violation of the local option law. He was not prosecuted for pursuing the business of selling intoxicants. By statute those are different offenses. An accused ought to be tried on the indictment preferred against him. Appellant's contention was, further, that he never sold any intoxicants to Denson, but that the whisky Denson got from him was a gift. The theory of the State, of course, was this appellant was pursuing a systematic course in selling whisky, and this manner of selling was not a gift but was a subterfuge to cover up a sale. This becomes important, in view of the first bill of exceptions, which recites that the jurors Elliott, Rice, Morris, Hopkins, Brothers, Williams, Loper and Muncy, while being tested on their voir dire, stated they had an opinion that the defendant was guilty of selling intoxicating liquors in Amarillo in violation of the local option laws. Upon these answers defendant challenged each and all of the jurors on account of having said opinion, whereupon the court asked the jurors whether or not they had an opinion as to whether the defendant had sold intoxicating liquors to Sid Denson, the alleged prosecuting witness. The jurors answered they did not, and thereupon the court overruled appellant's challenges to the jurors and defendant excepted; and upon further examination it ap-

peared from the evidence of the jurors Rice, Morris, Hopkins and Brothers, that they were jurors in the case of the State v. appellant in cause No. 1750, on the docket of the court, and that each and all of said jurors had an opinion that the defendant was guilty of violating the local option law in precinct No. 1, Potter County, by reason of being jurors in said cause, and thereupon defendant renewed his challenges to the last named jurors, which was by the court refused and overruled; and after the jury had been examined and attorneys for defendant had made their challenges, and after he had exhausted his challenges, he was compelled to accept on said jury the jurors Elliott, Morris and Muncy, and thereupon requested the court to allow him additional challenges in order to challenge the last named jurors, for the reason the defendant had been compelled to exhaust all of his challenges on more undesirable jurors. This request was by the court refused and overruled. I am of opinion in view of this record, that these challenges should have been sustained. The companion case, No. 1750, is before this court, submitted the same day as the record in this case. This record shows for the State that appellant was selling systematically, as before detailed, and these different matters were before the jury. Upon this the jurors who sat in the other case especially had convicted, and this record shows in another bill of exceptions this to be a fact, and because the sentence in cause No. 1750 is also embodied in this record in another bill of exceptions. Under this view of the case, and this condition of the record, we are of opinion that the court should have sustained these exceptions to the jurors and excluded them. Appellant brought himself within the rule and exhausted all of his challenges.

The judgment ought to be reversed and the cause remanded. I can not concur in this affirmance.