## UNITED STATES v. 662.44 ACRES OF LAND, MORE OR LESS, IN WILLIAMSON COUNTY, ILL., et al.

### Civ. No. 493.

District Court, E. D. Illinois.

July 27, 1942.

G. R. Schwarz, Sp. Atty., Department of Justice, of Jerseyville, Ill., for petitioner.

Geo. L. Vaughn, of St. Louis, Mo., for defendants.

LINDLEY, District Judge.

On motion for new trial defendants Benjamin F. Austin and Rachel Austin contend that the court erred in overruling a demand for a new venire; in refusing to permit evidence as to consideration paid for defendants' leasehold; in failing to comment upon testimony of one Hager; in improperly instructing the jury in various respects and in ruling upon evidence, and asserts that the verdict is contrary to the evidence and the law.

A jury panel of forty-two was summoned to appear April 6, 1942, to try a calendar of causes including criminal and civil causes. No private civil cases came to trial during the first week and the only causes heard during that period were condemnation causes in which the government was petitioner and various landowners in Williamson County were defendants. No case tried that week involved in any way the value of an oil and gas lease. Only one contested condemnation case was tried during that period and it included no issue and no evidence as to oil and gas.

The present cause was the first in which the element of mineral rights was injected into the value of land and it was set for trial April 7. Despite adequate notice of the setting, counsel for defendants, in open court on April 7, requested a continuance, saying that he was not ready for trial. No sufficient legal cause for continuance was submitted, but the court, in its discretion, at the request of defendants, continued the trial until April 15. On the latter date a question was raised as to the validity of defendants' lease. The court, after hearing the evidence found the lease valid, and the trial upon the merits as to its value began on April 16 and was concluded April 17.

The jury consisted of twelve persons from the regular panel, one of which had served on a jury in a case involving the value of an oil and gas lease on the preceding day, April 15, and three of whom, John B. Pierson, Cathryn Westerfield and Mildred Modglin, had sat upon a jury in a trial involving the value of an oil and gas lease on April 13, 1942. These two last-mentioned cases were the only other contested suits heard in the two weeks involving the value of oil and gas. The present case would have been tried April 7, as the first of such contests, if defendants had been ready but, because of their request for a continuance, allowed as aforesaid, it followed the trial of two other actions involving the value of such leases on other lands. The premises involved in each of these three contested cases consisted of different lands owned by different parties with different oil and gas leases owned by other lessees, although the tracts were in the same general community.

When the court examined the jury on voir dire it was careful to explain that each cause was to be tried solely upon the evidence submitted in that cause; that the jurors were bound to free their minds of anything they might have heard in any other cause or anywhere else and that they must try the cause solely upon the evidence submitted. Each juror was specifically questioned as to whether she or he could do so and each juror assured the court that she or he had no opinion or impression on the merits or of the value of an oil and gas lease and could try the case fairly and impartially and could and would free their minds of anything they might hear in or outside of the courtroom as to the value of oil and gas. Three of the jurors had sat in one such contested condemnation case and one in another. The others had sat in no such contested case. Defendant had an opportunity to challenge for cause any

juror who might have had any opinion or impression upon the merits and to exercise peremptory challenges. Yet the jury was examined, selected, accepted and sworn without objection other than the motion to discharge the entire panel.

A motion to quash the venire, or a challenge to the array, is not the proper mode of raising the question of incompetency of jurors on the ground of previous service in some other case. Commander v. State, 60 Ala. 1; Wesley v. State, 61 Ala. 282; Schnell v. State, 92 Ga. 459, 17 S.E. 966. In the last-cited case the court announced that if the challenge was good at all, it was available only by challenge to the polls. Bowman v. State, 41 Tex. 417. It is quite generally the rule that parties must use diligence and exercise their rights to challenge and failing to do so, they waive any alleged incompetency. In Staley v. State, Tex.Cr.App., 29 S.W. 272, 273, which was a conviction for gaming, a challenge to the array of jurors on the ground that a number of them had tried the case of another party involving the same questions was held properly overruled. The court said: "This may have afforded a ground of challenge to the individual jurors, if, by reason of the former trial, they had formed an opinion as to the guilt or innocence of the defendant then on trial." As remarked in Bowman v. State, 41 Tex. 417, it does not appear that the defendant was in any way prejudiced by the ruling objected to. "We are not informed by bill of exceptions or otherwise that he exhausted his peremptory challenges, or that he was finally forced to trial before a jury in anywise objectionable." Failure to interrogate the juror, or to make other inquiry, is a waiver of the fact that he served as a trial juror on a former trial. 31 Am.Jur. 676; State v. Jackson, 27 Kan. 581, 41 Am.Rep. 424. So here the motion to quash the venire and challenging the array, coupled with failure to exercise peremptory challenge, was ineffective to preserve the point even if it were valid.

However, it is apparent that there were no incompetent jurors. Each litigant is entitled to a fair and impartial jury, the members of which have no opinions upon the merit. Here each juror assured the court that he had no opinion at all and that he could and would try the case fairly and impartially and there is no showing that these answers were not truth-ful or that any prejudice to defendants occurred. Thus, where jurors had sat in a case in which a party was charged with using abusive language toward defendant, a challenge that some of the jurors were used on the trial of defendant for an assault growing out of the same transaction was held properly overruled, where each juror answered that he had not formed any opinion as to the guilt of the defendant. Gruesendorf v. State, Tex.Cr.App., 56 S.W. 624. Whether a jury has an opinion is for the trial court to determine. Williams v. Supreme Court of Honor, 221 Ill. 152, 77 N.E. 542. A juror having no opinion resulting from any other trial involving different parties and different tracts of land is not deterred from exercising fair and impartial judgment on the facts proved on the trial. Lycoming Fire Insurance Company v. Ward, 90 Ill. 545.

That jurors, in a prosecution for violation of the local option law, had sat on a former prosecution of accused for an illegal sale of liquor, and had convicted him, did not disqualify them as having formed an opinion, where the alleged sales were made to different persons and under different circumstances. Venn v. State, 85 Tex.Cr.R. 151, 210 S.W. 534; Engman v. State, 78 Tex.Cr.R. 94, 180 S.W. 235; Edgar v. State, 59 Tex.Cr.R. 252, 127 S.W. 1053; Ross v. State, 56 Tex.Cr.R. 275, 118 S.W. 1034; Arnold v. State, 38 Tex.Cr.R. 1, 40 S.W. 734.

Furthermore there is no error in refusing to sustain such a challenge where the record is deficient in bringing out the issue,—the mere suggestion of counsel is not sufficient proof of the facts. 31 Am. Jur. 676.

In Wilkes v. United States, 6 Cir., 291 F. 988, 990, the court said: "Some of the jurors in attendance upon the session had been present in court during the trial of other cases of the general group referred to, and some had sat in some of the other cases. Defendants moved to dismiss the array, and for a new array of jurors, for the reasons just stated, coupled with the proposition that the evidence being similar to the evidence in this case such jurors had passed upon the credit or lack of credit of Taylor and his wife, and had formed or expressed opinions as to the whole series of cases growing out of the indictments in question. Whether or not the practice of moving to dismiss the array was the proper one, it was not error to deny the motion.

There was under it no showing of fact that the jurors had either formed or expressed opinions as to the merits of the instant case. There is no presumption of law that they did do so, nor any presumption that a juror who has heard the evidence in one of the cases, or even sat in one or more cases, will be other than impartial in another case merely because it is of the same general type. Each case involved different conditions and questions of credibility on the part usually of different defendants, and the credibility of both Taylor and his wife was required to be weighed not only upon the facts of the individual case, but as between these witnesses and different defendants. Cf. 16 R.C.L. p. 260. Plaintiffs in error cite no authority in support of their contention, which we think plainly not well made. In fact, however, upon the subsequent examination of the jurors, upon their voir dire, each of those who had been present during the former trials testified, either directly or in effect, that he could try this case fairly and impartially, giving the defendants the presumption of innocence until proven guilty beyond a reasonable doubt. The competency of the individual jurors was addressed to the sound discretion of the trial court. Hopt v. Utah, 120 U.S. 430, 432, 7 S.Ct. 614, 30 L.Ed. 708; Texas & Pacific R. Co. v. Hill, 237 U.S. [208], at page 214, 35 S.Ct. 575, 59 L.Ed. 918; Detroit, M., etc., Ry. v. Kimball [6 Cir.], 211 F. at page 633, 128 C.C.A. 565; Badders [Clothing Co.] v. Burnham-[Munger-Root Dry Goods Co.], [8 Cir.], 228 F. [470], at page 472, 143 C.C.A. 52. No abuse of discretion is shown."

An examination of the charge of the court here discloses further that the jury was emphatically advised that this cause must be tried solely upon the evidence submitted and that the jury was to consider nothing but facts and circumstances proved at the trial.

█ Defendants seem to contend that any tract of land in Williamson County or in adjoining counties is exactly like any other tract therein, so far as oil and gas in commercial quantities is concerned, but there is no evidence of such fact in the record and, indeed, common experience teaches us that oil and gas in such quantities may be found in one tract and entirely absent in adjoining tracts, even where the tracts are small. It can not be assumed merely from statement of counsel, contrary to the fact, that the issues in each of these contested cases were exactly the same. If defendants' contention were correct, it would have been necessary to summon a new venire for every trial where the value of oil and gas leases was involved.

█ Complaint is made that the court improperly refused to permit defendants to show what consideration was paid for their oil and gas lease. The weakness of defendants' premise in this connection is that the record discloses an offer to prove that they received sundry oil leases to be delivered to them only after they had drilled a test well to a certain depth; that they had spent money in carrying out this agreement and that this money so spent in drilling a dry hole was the actual consideration given for all the leases. Obviously this was not evidence of purchase price at all but merely of performance of an agreement to drill a well if defendants procured this and certain other leases. This was no evidence of the value of the oil and gas.

█ Defendants insist that the court did not advise the jury properly that an oil and gas lease is a freehold estate. Examination of the charge discloses that the court fully charged the jury in that respect. Obviously the court could not and did not charge the jury that the freehold was a valuable interest, for whether it had any value was a question of fact for the jury and not for the court.

█ Defendants insist that they should be reimbursed for rentals paid under oil and gas leases, but there was no evidence of the amount thereof and no claim for reimbursement. Furthermore the issue was not whether they should be reimbursed for rentals paid but rather the value of the oil and gas lease.

█ Defendants claim also that the court did not in its charge fully discuss the testimony of the geologists, Dr. Weller, called by the government, and Mr. Hager, called by defendants. The court advised the jury as to the testimony of each, making no distinction between them and the charge is a complete refutation of the allegation. Furthermore no further objections were made to the charge after the court had made its supplemental charge to the jury at the request of defendants.

█ Defendants complain that the court should have struck the testimony of witness Thomasson. This witness qualified as an expert upon the market value of oil and gas leases in Williamson County and

his opinion was based upon a hypothetical question which set out the facts as proved by the testimony and was not objected to.

The motion for new trial is overruled. Judgment will enter upon the verdict.