### BODIE ANDERSON v. THE STATE.

*No. 497. Decided January 26.*

1. **Complaint Sworn to on Belief.**—A complaint which is sworn to on "belief" of affiant is sufficient. Code Crim. Proc., art. 236.

2. **Jury—Challenge to the Array.**—That the jury heard and tried a case against another party charged with an offense of the same character, is no ground of challenge to the array; the only grounds for such challenge are those named in the statute. Code Crim. Proc., arts. 624, 625.

3. **Charge in Misdemeanor—Practice on Appeal.**—A charge in a misdemeanor case, where not radically wrong, will not be revised on appeal unless it was excepted to in the court below, and instructions were asked and refused concerning the sup-posed error.

APPEAL from the County Court of Ellis. Tried below before Hon. B. McDANIEL, County Judge.

This appeal is from a conviction for exhibiting a gaming bank for the purpose of gaming, the punishment assessed being a fine of $25 and ten days' imprisonment in the county jail.

No statement necessary.

· No briefs on file.

DAVIDSON, JUDGE.—This appeal is from a conviction for exhibiting a gaming table and bank for gaming purposes. Motion to quash the complaint upon which the information is founded was made, because sworn to upon the "belief" of the affiant. An inspection of the record does not support this contention. The complaint does not so state. But, if it did, there was no error in overruling the motion. The statute (article 236, Code of Criminal Procedure) provides: "The complaint shall be deemed sufficient without regard to form, if it have these substantial requisites: * * * (2) It must state the accused has committed some offense against the laws of the State, naming the offense, or that affiant has good reasons to believe, and does believe, that the accused has committed such offense." Brown v. The State, 11 Texas Crim. App., 451; Clark v. The State, 23 Texas Crim. App., 260.

Challenge to the array of jurors was presented and overruled, based on the fact that they had heard and tried a case against another party charged with an offense of the same character. The ruling was correct. This does not constitute a cause of challenge to the array. The defendant may challenge the array, when not selected by the jury commissioners, if the officer summoning the jury has acted corruptly, and has willfully summoned persons upon the jury known to be prejudiced against the defendant, and with a view to cause his conviction. Code Crim. Proc., arts. 624, 625.

We are of the opinion the charge is sufficient. As given, it was not excepted to, nor were special charges requested. "In misdemeanor cases, the defendant must except to the charge of the court at the time, and must ask such additional instructions as he may desire; and unless he does so in the court below, such charge will not be revised, unless radically wrong." Loyd v. The State, 19 Texas Crim. App., 321, and collated authorities; Day v. The State, 21 Texas Crim. App., 213; Cole v. The State, 28 Texas Crim. App., 536; Garner v. The State, 28 Texas Crim. App., 561; Martin v. The State, 32 Texas Crim. Rep., 441.

The evidence fully sustains the conviction. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.