JIM IRVINE v. THE STATE.

No. 4577. Decided February 17, 1909.

**1.—Local Option—Jury and Jury Law—Detective.**

Upon trial for a violation of the local option law, there was no error in permitting the State's counsel to ask the jurors whether they had any prejudice against a witness or. his testimony who had been employed by the sheriff to hunt up local option violations and receive money for his services.

**2.—Same—Jury and Jury Law.**

. Upon trial for a violation of the local option law there was no error in permitting State's counsel to ask certain jurors, who in another case against another defendant had acquitted him and in which the prosecuting witness testified,

whether said jurors had any prejudice against a witness or his testimony who had been employed by the sheriff to hunt up local option violations and receive money for his services, said jurors saying that they were so prejudiced.

**3.—Same—Jury and Jury Law—Different Transactions.**

Upon trial for a violation of the local option law there was no error in forcing defendant to pass upon jurors who had tried another local option case, in which the prosecuting witness was the same but which involved a wholly different transaction. Following Arnold v. State, 38 Texas Crim. Rep., 1, and other cases.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a local option conviction, the punishment assessed being a fine of $25 and twenty days in jail.

Bill of exceptions No. 2 complains that the court permitted the State's counsel to ask the jurors the following question: "Have you any prejudice against a witness or his testimony who has been employed by the sheriff to hunt up local option violations and receive money for his services?" Appellant insists the question was illegal and inadmissible, immaterial, hearsay, and called for opinion and conclusion of the juror, having him to pass on the merits of the case in advance of the trial, and passing on the credibility of the witness before he testifies. The objections being overruled, each of the eighteen jurors were required by the court to answer the question, six of the jurors answering yes, and twelve answering no. In the case of Fendrick v. State, 39 Texas Crim. Rep., 147, we held that the following question was legitimate, to wit: "Under the same facts and circumstances could you and would you render the same verdict in a case where a negro killed a white man for insulting his, the negro's wife, as in case where a white man killed a negro for insulting his, the white man's wife," and on objection by the State the court excluded the question. We held the ruling was error, and the question was a legitimate and proper one to probe the conscience of the jurors to ascertain whether or not they had any prejudice against defendant, he being a negro, who had killed a white man, and whether they would give him the same fair and impartial trial and accord him the same reasonable doubt under the evidence as they would accord a white man. Morrow v. State, decided at present term. Cavitt v. State, 15 Texas Crim. App., 190. We think the above question was also

legitimate for the same reason. It is always proper to probe the conscience of a juror to ascertain thereby whether he would be a fair and impartial juror both to the State and the defendant.

This prosecution being predicated upon the testimony of a hired detective, it was germane and proper to ask the jurors the question complained of.

Bill No. 3 shows that the jury list consisted of eighteen jurors, J C. Hamilton being the first juror on plaintiff's and defendant's list; W. M. Bowles being the third juror on said lists; Jake Spangler being the fifth juror on said lists, T. A. Jones being the seventh juror on said lists, Tom Balfour being the twelfth. Three of the jurors named, to wit: T. A. Jones, J. C. Hamilton and Jake Spangler had on a previous day in the same court sat as jurors in the case of the State of Texas v. Emanuel Duckworth, charged with violating the local option law, the prosecuting witness being G. E. Morrow, the prosecuting witness in this case, and the jurors above named acquitted the defendant Emanuel Duckworth. The prosecution asked each of the above named jurors the following question: "Have you any prejudice against a witness or his testimony who has been employed by the sheriff to hunt up local option violations, and receive money for his services?" This in substance is the same question presented by bill No. 2. The bill is approved with this qualification: "That each of the jurors named on their voir dire examination testified that they were prejudiced against a witness and against the testimony of a witness of the character described to such extent that they could not fairly and impartially consider such testimony, no difference what the appearance, manner and demeanor of the witness might be on the stand and without reference to what the corroborative or contradictory testimony might be on the trial." The question was admissible and clearly so in the light of the court's explanation.

Bill No. 4 complains that the court forced appellant to take several jurors because they had sat as jurors in a companion case, to wit: State of Texas v. Charley Standifer, and had by being on the jury in the companion case formed a fixed opinion as to the credibility of the prosecuting witness, G. E. Morrow, which challenge for cause was overruled. This bill is approved with this qualification: "There was no showing made at the time that the transactions involved in the two cases were in any respect similar, except that the prosecuting witness was the same in each case, but on the contrary said case involved wholly different transactions, one of them occurring in Denison, Texas, on the 12th day of November, 1908, and the other being the case at bar in Sherman, Texas, on the 28th day of October, 1908. All of said jurors mentioned stated that they had no opinion as to the guilt or innocence of the defendant, no bias in his favor, and no prejudice against him; and that they could try him fairly and impartially and ac-

cording to law and the evidence, and that they could and would try the defendant without reference to anything they may have heard in another case." There was no error in the ruling of the court. The mere fact that the prosecuting witness had testified against another defendant, and these jurors had convicted said defendant in another and different case and different defendant from this one, would be no bias for disqualification. See Arnold v. State, 38 Texas Crim. Rep., 1; Segars v. State, 35 Texas Crim. Rep., 45.

We have carefully reviewed appellant's other assignments of error, and find nothing in this record requiring a reversal of the case.

The judgment is affirmed.

*Affirmed.*