### WILL BAILEY v. THE STATE.

No. 4003. Decided May 19, 1909.

*Local* Option—Jury and Jury Law—Challenge to the Array.

Where upon trial of a violation of the local option law, it appeared from the record that there were different prosecutions against different parties for different offenses, a motion to quash and set aside the jury panel because the jurors sat in another local option case, etc., was correctly overruled.

Appeal from the County Court of Williamson. Tried below before the Hon. T. J. Lawhon.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Wilcox & Graves,* for appellant.—Cited Green v. State, 54 Texas Crim. Rep., 3; 111 S. W. Rep., 933; Obenchain v. State, 35 Texas Crim. Rep., 490; 34 S. W. Rep., 278; Holmes v. State, 52 Texas Crim. Rep., 352; 106 S. W. Rep., 1160; Kenecht v. State, 53 Texas Crim. Rep., 55; 108 S. W. Rep., 1183.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for violating the local option law, the punishment being assessed at a fine of $25 and twenty days in jail.

Bill of exceptions No. 2 presents the following matter for our review: When the case was called for trial appellant moved the court to quash and set aside the jury panel in this cause, because six of said jurors composing said panel had recently, on this same date, sat as the jury in cause No. 6118, in this court, wherein was charged a violation of the local option law, and the witness, Wes Orgain, who is also a witness in this cause, was the main State's witness in cause No. 6118, and wherein the jury have just returned a verdict predicated mainly on said Wes Orgain's testimony, finding the defendant guilty in said cause No. 6118, and that the remainder of said panel of said jury have been present continuously during the taking of the testimony in said cause No. 6118, and heard the testimony of said witness, Wes Orgain, and also heard the verdict of the jury rendered in said cause, finding defendant therein guilty. That, therefore, said jury panel are disqualified to sit in this cause, and defendant asks another panel before whom to present his defense. That appellant was charged in this case with violating the local option law, and cause No. 6118, in which the prosecuting witness in this case was also the main witness, was a local option case. That, therefore, the jury have passed upon the credibility of said witness, and have adjudicated the matter required to be passed upon in this case. The county attorney filed a controversion of the above facts, and insists that the motion is insufficient for the reason that the acts charged are separate and distinct acts committed by different parties; that the facts in the two cases are in no way similar; that the guilt or innocence of the defendant just tried can not be heard or considered, and is in no way material matter to the case now being called. The motion was overruled and appellant forced to exhaust all of his peremptory challenges in an effort to secure a fair and an impartial jury. The facts above detailed do not render the jury incompetent

to try this case under the ruling of this court. The prosecutions were against different parties for different offenses.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*