### HARRY A. HOY V. THE STATE.

No. 19528.   Delivered March 30, 1938.

The opinion states the case.

*R. L. McGaugh,* of Brownwood, and *E. B. Simmons,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for violation of the Medical Practice Act; punishment, a fine of $50.00 and confinement in the county jail for one day.

Appellant's first complaint is that the trial court erred in declining to sustain his motion to quash the complaint and information, because it was not charged in what way he had engaged in the practice of medicine. We see no defect in the information. It charged appellant with maintaining an office in Brown County, where he offered to treat and did treat human beings for diseases and disorders, mental and physical, and held himself out as capable of effecting a cure thereof, without having first registered a license in the office of the district clerk as required by law. It further charged that on the 21st day of September, 1936, he treated Jesse Mayo for a disease and disorder and charged money therefor. We think the information sufficiently charged the offense denounced by Article 739, P. C. See also Hicks v. State, 227 S. W. 302; Young v. State, 61 Texas Crim. Rep. 440.

Appellant's contention that the law is unconstitutional is without merit. The law has been upheld both by this Court and by the Supreme Court of the United States. See Allison v. State, 76 S. W. (2d) 527.

Appellant also contends that the evidence is insufficient to sustain his conviction. We find ourselves unable to agree with him. The State's testimony shows that Jesse E. Mayo lived in Brown County and had been acquainted with the appellant for three or four years. He stated that he had been suffering from some physical or nervous ailment and went to appellant's office in Brownwood, Brown County, where he was treated by him for said illness and charged $50 for a series of treatments over a period of six months. That he knew appellant was a chiropractor and that he was not given any medicine; that no surgical operation was performed on him. Appellant's advice to him was that he had "misplacements of the vertebrae" which required adjustments; that he was placed on a table where appellant undertook, with his hands, to adjust his condition. It was further shown by the district clerk through the medical records of Brown County, Texas, that appellant had not registered any license in said office authorizing him to engage in the practice of medicine. We think the evidence is sufficient to sustain his conviction. If he had no certificate or license authorizing him to practice medicine or if he had a license but failed to register the same, he would be guilty under the statute of the offense with which he was charged. See Hicks v. State, supra. See Article 739, P. C., as amended in 1931.

Appellant next complains of paragraph three of the court's charge, which defines "the practice of medicine." His contention is that said charge is upon the weight of the evidence. An inspection of the same reveals it to be similar to the charge in the case of Piner v. State, 97 S. W. (2d) 953. This Court, in passing upon said charge, stated that they failed to discover any error in the charge which transcended the law or impinged upon the appellant's legal rights. We therefore overrule his contention.

Appellant complains because he was tried by jurors, some of whom had served in cases of similar nature in which the accused were convicted of violating the Medical Practice Act. Incorporated in the bill is the evidence heard upon the examination of one of the prospective jurors on his voir dire, the answers to questions propounded to him and the action of the court thereon. It appears from the bill that the prospective juror stated that his services on the jury in the previous case would not affect his opinion or conclusion in appellant's case. That

he had not heard any of the facts or purported facts in the present case and had no prejudice against appellant. Appellant's theory of the cause of challenge was that the jurors were not fair, were prejudiced or had come to some conclusion as to his guilt by reason of having served as jurors in preceding cases. If it had been shown to the court that the facts in the instant case were the same or similar as those adduced upon the trial of the two preceding cases, then the challenge for cause should have been sustained. In the absence of such showing, however, the court correctly overruled the challenge for cause. See Bailey v. State, 56 Texas Crim. Rep. 226; Irvine v. State, 55 Texas Crim. Rep. 347; Anderson v. State, 34 Texas Crim. Rep. 96; Staley v. State, 29 S. W. 272; Kenecht v. State, 53 Texas Crim. Rep. 55.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.