NEIL WILLIAM BYERS v. STATE.

No. 26,439.   May 13, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) June 24, 1953.

*William C. McDonald*, San Angelo, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant is the same person as the appellant in our Cause No. 26,337, also appealed from the county court of Runnels County and this day decided. (Page 638, this volume).

This also is an appeal from a conviction for driving while intoxicated, a jury at the same term of said county court having assessed appellant's punishment at a fine of $400.

Some of the contentions here made were disposed of in our opinion in Cause No. 26,337 and will not be further discussed.

On January 19, 1953, appellant was tried before a jury selected from a panel of 14 jurors, and was convicted and fined $100, and on January 22, 1953, this case was called for trial and a jury selected from the same panel of 14. Appellant complains that his motion to quash the jury panel was overruled.

Those jurors who did not serve on the first trial were not disqualified as jurors because of their being on the panel. Appellant's motion to quash the panel was therefore properly overruled.

Though in his brief he complains that three of the jurors who convicted him in the first trial also served on the jury in this case, we do not find that appellant challenged these jurors for cause or otherwise excepted to the court's action in refusing to excuse such jurors because of their having served and convicted appellant in the other case the same week.

In any event, under the facts here, the jurors who served in the former case were not disqualified. The two cases against appellant were in no way related. Different transactions were involved, with different witnesses, and the time and place of the offenses were different.

In the case here appealed, the offense was proved by testimony of a state highway patrolman to have occurred on a Runnels County highway on September 13, 1952. The offense in the first trial was proved by testimony of city police to have been committed in the city of Ballinger on September 7, 1952.

The record shows that all members of the jury panel knew of the result of the first trial, and each declared that such would not influence him in the present trial.

The rule applicable to the members of the panel who served on the first jury may be found in Branch's Ann. P.C. Sec. 558:

"The fact that jurors had convicted defendant in another case based on a transaction occurring between different parties than those involved in the case on trial is not of itself a ground of challenge for cause. Arnold v. State, 38 Tex. Cr. R. 1, 40 S.W. 734; Edgar v. State, 59 Tex. Cr. R. 255, 127 S.W. 1054."

See also Stephens v. State, 137 Tex. Cr. Rep. 551, 132 S.W. 2d 878.

The evidence sustains the conviction and its sufficiency is not questioned.

Finding no reversible error, the judgment is affirmed.