R. T. BURLESON V. STATE.

No. 26,564. November 4, 1953.

J. Lawton Stone, San Antonio, and Mrs. Mae M. Ament, Alpine, for appellant.

Wesley Dice, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a drunk driving case; the punishment, a fine of $50.

In the information, the state elected to describe the offense

as having occurred by the driving of a Ford pickup truck while intoxicated "upon a public street, to wit—U. S. 90, Holland Avenue Street, within the limits of the incorporated city of Alpine, in said County."

Having so alleged, the state was under the burden of proving such descriptive allegations.

Appellant says that the state did not do so, in that it was not shown that the city of Alpine was an incorporated city.

Proof of such fact was made by the city secretary, reading from the official records showing that the city of Alpine was incorporated as such, in 1917, under the general laws of this state.

If any question existed as to the admissibility of such testimony prior to 1951, it was, at that time, put at rest by Chap. 471, Acts of the 52nd Legislature, in 1951, appearing as Art. 3731a, Vernon's Revised Civil Statutes.

Attracted by the fact that the pickup truck appellant was driving had no tail light, a highway patrolman stopped him. The patrolman testified that appellant was at that time under the influence of intoxicating liquor; that he staggered; and that he smelled intoxicating liquor on his breath.

Appellant voluntarily submitted to a blood test — that is, by and with his written consent a sample of his blood was taken, placed in a glass container, and forwarded to the Texas Department of Public Safety. The specimen was there analyzed for alcoholic content.

The examiner, a graduate chemist, testified that the specimen showed "two and 4-tenths milligrams of alcohol per CC of blood." The witness expressed the opinion that such amount of alcohol in the blood would intoxicate.

The specimen so examined was fully traced and identified as that which had been taken from the appellant.

We are constrained to agree that the facts amply support the jury's conclusion of guilt.

Appellant sought to quash the jury panel from which the

jury in this case was selected, because the jurors comprising the panel had, on the day previous, served on a jury in a case in which the accusation was similar in nature to that in this case and in which the same witnesses for the state had testified in support of the state's case.

Such facts would not disqualify the jurors from serving in this case. Bailey v. State, 56 Tex. Cr. R. 226, 120 S. W. 419; Irvine v. State, 55 Tex. Cr. R. 347, 116 S. W. 591.

No error appearing, the judgment is affirmed.

Opinion approved by the court.