**Paul WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 27208.

Court of Criminal Appeals of Texas.

Dec. 8, 1954.

Tex.Cr.App., 259 S.W.2d 196, and Burleson v. State, Tex.Cr.App., 261 S.W.2d 726, that the trial court did not err in overruling the motions.

Finding no reversible error, the judgment of the trial court is affirmed.

Ben F. Mooring, Paris, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the transportation of whiskey in a dry area, with a prior offense of like character alleged to enhance the punishment; the punishment, a fine of $400.

No statement of facts accompanies the record.

Appellant is the same person as the appellant in Tex.Cr.App., 275 S.W.2d 485, also appealed from the County Court of Lamar County and this day decided.

On April 7, 1954, appellant was tried before a jury selected from a panel of 17 jurors for the offense of possession of whiskey in a dry area for the purpose of sale and was found guilty.

On April 8, 1954, this case was called for trial, and the appellant moved to quash the jury panel or, in the alternative, to excuse from said panel those members who had sat upon the former trial. This motion was overruled.

At the conclusion of the examination of the panel in the instant trial, the appellant moved the court to excuse all the panel except three members who stated that they had not heard the outcome of the preceding trial. This motion was overruled.

Neither the bill of exception nor the record reflects the names of those jurors who served upon the instant trial or that any of the jurors who served on April 7 served on the jury that tried this case. Even if it had, we would probably have concluded, in line with our holdings in Byers v. State,