**Patrick Lee GAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–8300221–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 26, 1984.

OPINION

BASS, Justice.

This is an appeal from a conviction of driving while intoxicated. A jury convicted appellant and the trial court assessed punishment at 30 days confinement probated for two years and a fine of $250. The judgment is affirmed.

In his sole ground of error, appellant complains that the trial court erred in denying appellant's motion for mistrial after the jury was instructed to disregard the prosecutor's question to the appellant, who testified at trial that he had drunk only two or three mixed drinks that night.

The prosecutor asked the appellant:

Q: Do you recall telling [Officer Richards] that you had about fifteen beers?

A: No ma'am.

The jury was immediately removed, and the defense attorney objected and requested a mistrial. A hearing commenced and the prosecutor stated that she understood from conversations with her witnesses that the appellant had made such a statement. Out of the jury's presence, Officer Richards testified that the appellee had made no such statement. Two other police officers had previously testified for the State at trial regarding their observation of the appellant near the time of his arrest. The appellant had the opportunity, both at the hearing out of the presence of the jury, and in a hearing on his motion for new trial, to question these other officers to determine whether they had heard him make such a statement. This was never done. If they had testified, as did Officer Richards, that the appellant did not make such a statement, bad faith would have been shown. We cannot presume the existence of bad faith under these circumstances. Only negligence has been shown.

■ After determining that the appellant did not make the statement to Officer Richards, the trial court instructed the jury to disregard the question but denied the mistrial. The defense later recalled Officer Richards, who testified before the jury that the appellant made no such statement. Thus, the jury heard the appellant deny making the statement and heard Officer Richards corroborate that testimony.

■ Except in extreme cases, where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds, error in the admission of improper testimony is usually cured by an instruction to disregard. *Thompson v. State*, 612 S.W.2d 925 (Tex.Crim.App.1981). In this case no improper testimony was admitted, only an improper question was asked. Any error resulting from the prosecutor's question was cured for the reasons stated. This ground of error is overruled.

The judgment is affirmed.

Publication. Tex.R.Crim.App.P. 207.

COHEN, J., filed a concurring opinion.

COHEN, Justice, concurring.

I disagree with the suggestion in the majority opinion that, because the appellant had the opportunity to call but failed to call other officers to deny hearing him admit to drinking fifteen beers, that bad faith cannot be presumed. Here the prosecutor asked an extremely prejudicial question. After Officer Richards denied the statement, the prosecutor had no basis shown in this record indicating that the question was asked in good faith. Her claim that she got that impression from the State's other witnesses is unconvincing because she never called such witnesses, never named them, and never gave any details concerning this supposed conversation. Of course, the defendant could have filled in the gaps by cross-examining the witnesses, or the prosecutor, at the non-jury hearing or at a motion for new trial, but he should not have been required to do so in order to show bad faith.

When the State throws a skunk in the jury box, the State, not the defendant, should be required to cure the stench. It could do so by showing that what appears to be bad faith is really negligence, or just a reasonable mistake. However, that should require more than an unsworn, self-serving, non-specific explanation like the one given in this case.

I would hold that a prima facie showing of bad faith was made when both Officer Richards and the appellant denied the conversation inquired about by the prosecutor. It should have been the State's duty to disprove the reasonable inference of bad faith then arising by stronger evidence than was here produced.

Such bad faith will not always require a mistrial, however, and it should not in this case, where the jury heard every party to the conversation deny the statement, the court instructed the jury to disregard the statement, and no juror testified that the

question influenced his deliberations. Bad faith alone, without harm, will rarely require a mistrial. The only reason to require a mistrial in every case upon a showing of bad faith by the prosecutor would be to discourage future prosecutorial misconduct. This is unnecessary because the trial judge has adequate tools, including contempt powers, strong jury instructions coupled with public reprimands, and referral to a grievance committee, to punish and discourage bad faith prosecutorial misconduct without granting a mistrial in every case regardless of the circumstances, even when the harm has been cured.

With these reservations, I concur in the result.