**William D. BOLDEN, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–84–030–CR.**

Court of Appeals of Texas, Texarkana.

Dec. 18, 1984.

Discretionary Review Refused March 13, 1985.

David Bires, Houston, for appellant.

Mary Ann Turner, Asst. Dist. Atty., Conroe, for appellee.

CORNELIUS, Chief Justice.

William Bolden, Sr. appeals his conviction for aggravated rape of a child. He pleaded guilty and elected to have a jury assess punishment which was set at seven years confinement.[1]

Bolden contends he should have a new trial because some of the panel members in his case were on a jury panel the same day in another case. The earlier case involved another defendant, James Bort, and a simi-

---

**1.** This offense occurred in April of 1983, prior to the amendments to the rape statutes which

became effective September 1, 1983.

lar type but nonrelated offense, aggravated sexual abuse of a child. Both cases involved the same defense attorney and both defendants pleaded guilty and went to the jury for punishment. As a result of these similarities Bolden claims he was denied the right to a fair and impartial jury.[2]

None of the persons who served as jurors in the Bort case, and none of the panel members in that case who were challenged for cause was a member of Bolden's jury panel. Three members of the Bort panel who were peremptorily struck by both the State and Bort were not on the Bolden panel. Seven members of the panel who were peremptorily challenged by Bolden's attorney in the Bort case were on Bolden's panel, but none of them served on the jury. Despite these facts Bolden contends he was prejudiced because some of the members were on both panels. During voir dire, however, he was unable to show that the Bort voir dire with its similarities had biased or prejudiced any individual panel member in his case.

 It is not a ground of disqualification that jurors have heard and tried a case against another party charged with an offense of the same character, *Anderson v. State*, 34 Tex.Cr.R. 96, 29 S.W. 384 (1895); *United States v. Brown*, 699 F.2d 704 (5th Cir.1983), or, even that they served on the panel in companion cases against codefendants or on a prior trial of the same defendant. *See Christopher v. State*, 489 S.W.2d 573 (Tex.Cr.App.1973); *Byers v. State*, 158 Tex.Cr.R. 642, 259 S.W.2d 196 (1953). In this case, no *juror* had been in either of those situations—only seven *panel* members. In the absence of a showing that those panel members were biased or prejudiced, or that Bolden was required to exhaust his peremptory challenges because the panel members had been in some way tainted by the prior service, no error is shown.

 Bolden also contends that he was denied effective assistance of counsel. He

does not attack the performance of trial counsel, but argues that his attorney's efforts were rendered ineffective under the peculiar circumstances of this case. We cannot agree. In the absence of harm, as above noted, the presence of some members on both panels did not adversely affect defense counsel's representation.

The judgment of the trial court is affirmed.

---

2. Tex.Rev.Civ.Stat.Ann. art. 2094a (Vernon Supp.1984) does not apply to this case because

Montgomery County does not meet the population requirement set out in that statute.