**William Clarence KIRKLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–89–109–CR.

Court of Appeals of Texas, Austin.

March 28, 1990.

Ray Bass, Austin, for appellant.

John W. Wied, Co. and Dist. Atty., Raymond M. Espersen, Asst. Co. Atty., La Grange, for appellee.

Before POWERS, ONION * and ABOUSSIE, JJ.

ONION, Justice (Retired).

This is an appeal from a conviction for driving a motor vehicle in a public place while intoxicated. The convicting jury assessed punishment at confinement in the

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by as-signment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

county jail for ninety (90) days and a fine of fifteen hundred dollars ($1,500.00).

This appeal involves, inter alia, questions of interim jury service that do not frequently arise. Appellant advances six points of error. Four points relate in some way to what appellant urges is prohibited interim jury service. First, appellant complains that the trial court erred in denying his motion to strike from the jury panel for the case those jurors chosen on the same day from the same panel for service in other DWI cases. In his second and third points of error, appellant contends the trial court later erred in denying his motion to strike three empaneled jurors who had served in another case after their selection, and erred in denying his motion for a mistrial. In his fourth point of error, appellant complains of the court's action in overruling his motion for new trial based on interim jury service. In his last two points of error, appellant complains of the admission into evidence of extraneous offenses. The sufficiency of the evidence to sustain the conviction is not challenged.

The record reveals that on January 25, 1989, a panel of prospective jurors was brought to court. From this panel three juries in different DWI cases were chosen. Appellant Kirkland's attorney also represented another defendant, Machala, whose jury was chosen first. A jury was then chosen in the Boettcher case, the second cause. Prior to the voir dire in appellant's case, his counsel objected to being required to select the jury from the same panel, objected to the refusal of the court to reveal the names of the jurors chosen in the first two cases, and requested that the court exclude from the jury panel the jurors already chosen in the other cases. In the alternative, he asked to be given an additional six peremptory challenges. The objections were overruled and the requests were denied. After the jury was selected in appellant's case, the names of the jurors in all three cases were announced. The Machala case was then tried with appellant's counsel defending. The first trial resulted in a conviction.

On February 2, 1989, appellant's case was the second of the three cases to go to trial. Prior to trial, appellant's counsel moved to challenge for cause jurors Halpain, Stastny and McIntosh who had interim jury service in the Machala trial, citing several federal cases in support of his position. In the alternative, counsel moved for a mistrial. Both motions were overruled. Thereafter, the trial commenced and resulted in appellant's conviction. After trial, the appellant filed a motion for new trial, but it was subsequently overruled by operation of law.

We shall deal first with the interim jury service questions in points of error two and three, and then respond to points of error one and four involving the refusal of the trial court at voir dire examination to exclude those chosen as jurors in other cases, and the overruling of the motion for new trial.

The fact that some prospective jurors on a jury panel have had prior jury service in a civil or criminal case is not a phenomenal thing to the Texas trial bench and bar.

It is well settled that it is not a ground for disqualification that prospective jurors have served on a jury in a case against another defendant charged with an offense of the same character. *Bolden v. State*, 683 S.W.2d 822 (Tex.App.1984, pet. ref'd); *Carpenter v. State*, 149 Tex.Crim. 144, 192 S.W.2d 268 (1946); *Anderson v. State*, 34 Tex.Crim. 96, 29 S.W. 384 (1895). Nor is disqualification required if they served on a jury in companion cases against co-defendants or on a prior trial of the same defendant where the two cases were not related, and the facts and witnesses were not the same. *Christopher v. State*, 489 S.W.2d 573 (Tex.Cr.App.1973); *Byers v. State*, 158 Tex.Crim. 642, 259 S.W.2d 196 (1953). *Cf.* Tex.Code Cr.P.Ann. art. 35.16(a)(8) (1989). In the absence of a showing that panel members were biased or prejudiced by such prior jury service, *see* Tex.Code Cr.P.Ann. art. 35.16(a)(9), no error is shown if the trial court refuses to disqualify the prospective jurors. *See* 23 Tex.Jur.3d, Crim.Law § 2724 (1982); *Bolden*, 683 S.W.2d 822.

The rule is similar in all federal courts. *United States v. Jefferson,* 569 F.2d 260 (5th Cir.1978). A prospective juror's prior service in a similar case even in the same term of court, standing alone, is not a sufficient basis to support a challenge for cause. *United States v. Riebschlaeger,* 528 F.2d 1031 (5th Cir.1976); *United States v. Mutchler,* 559 F.2d 955 (5th Cir.1977), reconsidered and modified, 566 F.2d 1044 (5th Cir.1978); *United States v. Price,* 573 F.2d 356 (5th Cir.1978); *United States v. Garza,* 574 F.2d 298 (5th Cir.1978), appeal after remand, 603 F.2d 578 (5th Cir.1979). Thus, prospective jurors are not automatically disqualified by prior jury service in a similar case. *United States v. Lena,* 497 F.Supp. 1352 (W.D.Pa.1980), affirmed, 649 F.2d 861 (3d Cir.1981). If counsel, however, can show specific evidence that prior jury service in another case biased a particular prospective juror, the juror should be excused for cause. *United States v. Carranza,* 583 F.2d 25 (1st Cir.1978); *Jefferson,* 569 F.2d 260. The burden is on the defendant. *United States v. Malloy,* 758 F.2d 979 (4th Cir.1985), cert. denied, 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 465. Such prior jury service, even in similar cases, cannot support a challenge for cause unless it is shown that the prior service *actually* biased the particular juror. *United States v. Brown,* 699 F.2d 704 (5th Cir.1983); *see also United States v. Franklin,* 700 F.2d 1241 (10th Cir.1983). Thus, counsel has the right to develop information on voir dire examination about a venireman's prior service as a juror in similar cases. *See United State v. Ochoa,* 543 F.2d 564 (5th Cir.1976); *United States v. Montelongo,* 507 F.2d 639 (5th Cir.1975).

Interim jury service occurs when jurors, after selection in a particular case but before the commencement of trial, serve on a jury in another case. When the cases are similar, serious questions may be presented. In *Jefferson,* the Fifth Circuit distinguished between cases where, *prior to selection,* prospective jurors had served on similar cases, and where jurors, *after selection,* served on similar cases. The court wrote: "Interim service is more proximate in time and so creates a heightened danger of prejudice, which is especially great when the offenses are similar or the witnesses the same...." 569 F.2d at 262. Further, the court wrote: "Jury service prior to selection is sufficiently different from service after selection that a waiver of the right to challenge the former does not necessarily waive the right to challenge the latter. Because the defendant timely raised the question of interim jury service prior to trial, he cannot be said to have waived his rights." *Id.*

Thus *Jefferson, Mutchler,* and *United States v. Mobley,* 656 F.2d 988 (5th Cir. 1981), all establish that jurors who, in the interim after their selection, have served as jurors in similar cases may be challenged for cause. In *Brown,* the Fifth Circuit wrote:

> In our opinion *Mutchler, Jefferson* and *Mobley* stand for the proposition that jurors who have interim service on a convicting jury in a similar case, in which the government presented the testimony of the same prosecuting witnesses, may be challenged for the reason of *implied* bias. Having passed upon the credibility of witnesses in a similar case, and having rendered a verdict on their oaths, it is improbable that these jurors can sit without their previous opinion and verdict influencing them. This is the "interim jury service" prohibited by these cases. The record in this case shows that such service did not occur.

699 F.2d at 708 (emphasis added) [1]; *cf. Hoy v. State,* 134 Tex.Crim. 226, 115 S.W.2d 629 (1938) (non-interim jury service case).

In *Killebrew v. State,* 746 S.W.2d 245 (Tex.App.1988, pet. ref'd) (opinion on re-

---

1. *Brown* sought to pull together the earlier holdings in *Jefferson, Mobley* and *Mutchler.* In *Jefferson,* the court referred to interim jury service as occurring in "other cases similar in fact and in legal issue or in cases in which the same governmental witnesses testified." 569 F.2d at 263. Some cases referred to the same attorneys as a factor. *See, e.g., Mutchler,* 559 F.2d at 959; *Houston v. State,* 743 S.W.2d 751 (Tex.App.1987, no pet.). In lesser populated counties the county and district attorney will be well known to most prospective jurors, whether or not they have experienced prior jury service. The same may also be true as to local defense counsel.

hearing), the court noted the rule discussed in *Brown,* but held that the intervening case in which several of the Killebrew jurors sat was for possession of marihuana, that Killebrew was charged with aggravated assault, and that the prosecution witnesses were not the same. Killebrew's contention of prohibited interim jury service was overruled. *See also Houston v. State,* 743 S.W.2d 751 (Tex.App.1987, no pet.); *Wise v. City of Abilene,* 141 S.W.2d 400, 402 (Tex.Civ.App.1940, writ dism'd jdmt cor.); *cf. Bauer v. Bauer,* 145 S.W.2d 599 (Tex.Civ.App.1941, no writ).

■ Appellant, relying upon *Brown* and the other federal cases cited therein, contends that there was prohibited interim jury service in a similar case on the part of three of the jurors and that implied bias was established. In his sworn statement in support of the motion to challenge the three jurors,[2] appellant's counsel established that the two cases involved offenses of the same character, but he also established that the defendants were different, that the prosecution witnesses were different, and the time, place, and circumstances were different. As in *Brown,* the record does not show that interim jury service in similar cases occurred. We hold that the trial court did not abuse its discretion in refusing to strike from the jury the three jurors named or in denying the motion for a mistrial. As pointed out in *Houston,* 743 S.W.2d at 753, "[s]imilar jury selection procedures have been characterized as 'a fundamental defect in the trial proceedings' but nevertheless not of constitutional dimension. *United States v. Capua,* 656 F.2d 1033, 1038 (5th Cir.1981)." Appellant was not denied the due process of law. Appellant's points of error two and three

are overruled. Claims of administrative efficiency, convenience and necessity as justification for interim jury service in similar cases have a thin veneer indeed. Trial judges should make every effort to avoid such procedure. *See United States v. Carranza,* 587 F.2d 25 (1st Cir.1978).

■ Appellant's first point of error complains of the trial court's refusal during voir dire examination to automatically exclude prospective jurors from the panel because they had been chosen in other cases not yet tried. The point is not briefed in accordance with Tex.R.App.P.Ann. 74(f) (Pamp.1990). It was carried along with points two, three, and four without citation of authority or separate argument. Appellant failed to show such prospective jurors were subject to be legally excluded at that time. *See* and *cf. Williams v. State,* 274 S.W.2d 704 (Tex.Cr.App.1954); *Burleson v. State,* 159 Tex.Crim. 112, 261 S.W.2d 726 (1953); *Byers,* 259 S.W.2d 196. Appellant's first point of error is overruled.

Appellant's fourth point of error complains the trial court erred in denying his motion for new trial based on the ground that he had been denied a trial by a fair and impartial jury. The trial court did not deny the motion. It was overruled by operation of law. Tex.R.App.P.Ann. 31(e) (Pamph.1990). Allegations in motions for new trial are not self-proving. *Schneider v. State,* 594 S.W.2d 415 (Tex.Cr.App.1980). Appellant's fourth point of error is overruled.

■ Included in appellant's combined argument under his first four points of error is a mention that the three jurors in question were also disqualified under Tex.Gov't Code Ann. § 62.102(6) (1988) because they had served six days as jurors (in the first

---

2. Appellant, whose counsel made a sworn statement in support of his action in challenging three of the previously chosen jurors, does not complain that he was not allowed to interrogate such jurors prior to the trial about their interim jury service that followed their selection as jurors in the instant case. In *Houston,* 743 S.W.2d at 753, it was suggested that trial judges conduct additional voir dire when confronted with challenges based on interim jury service to determine if the cases were similar as described in *Brown. Texas Employers Ins. Assoc. v. Beattie,*

733 S.W.2d 700 (Tex.App.1987, writ ref'd n.r.e.) held it was error to deny a defendant in a workers' compensation case a supplemental voir dire examination in an interim jury situation. There, it was held that it was not sufficient to merely show service on an interim jury in a similar case, but it must be shown the juror was actually prejudiced thereby. *Price,* 573 F.2d 356. *Price's* reference to actual prejudice related to voir dire examination prior to jury selection. *Price* appears to have been misread.

case) during the preceding six months. We cannot conclude the record sufficiently supports a claim of six days service in the first DWI case. Further, there was no objection on this basis at trial. Nothing is presented for review.

■ In his fifth point of error, appellant contends the trial court erred in denying his motion for mistrial when the arresting officer testified that appellant "violated his promise to appear" in connection with traffic offenses arising out of the arrest in the instant case.

Officer Rhymer testified that he arrested appellant because in his opinion appellant was intoxicated while driving a motor vehicle. The record then reflects:

Q. Did you write him any traffic citations incident to that stop?

A. Yes. I wrote four tickets.

Q. What were those?

A. Speeding, expired driver's license, failure to have motor vehicle liability insurance, and displaying a suspended driver's license—four citations altogether.

Q. Did Mr. Kirkland pay those tickets?

A. He failed to respond to the citations. He did pay them. He violated the promise to appear. In other words, he did not. . . .

Upon request the jury was removed from the courtroom, and the appellant objected to the question and answer because the violation of a promise to appear referred to an extraneous offense. The court sustained the objection, instructed the jury to disregard the question and answer, but denied the motion for mistrial. Apparently, because the objection was directed to Officer Rhymer's unresponsive answer, the prosecutor again elicited from the witness, in the presence of the jury, that appellant had paid his fines "on the traffic citations." This was without objection.

It has long been held that testimony referring to or implying extraneous offenses allegedly committed by the defendant can be rendered harmless by an instruction from the trial judge. *Davis v. State*, 642 S.W.2d 510, 512 (Tex.Cr.App.1982); *Cam-*

*pos v. State*, 589 S.W.2d 424 (Tex.Cr.App. 1979); *Evans v. State*, 542 S.W.2d 139, 141 (Tex.Cr.App.1976). In *Strong v. State*, 739 S.W.2d 506 (Tex.App.1987), aff'd, 773 S.W.2d 543 (Tex.Cr.App.1989), it was held that the trial court's instruction to disregard the witness's unresponsive answer that informed the jury that the defendant was on parole at time of the murder sufficiently cured any harm to the defendant by the witness's comment. *See also Gardner v. State*, 730 S.W.2d 675, 696–697 (Tex.Cr. App.1987). Appellant's fifth point of error is overruled.

■ In his sixth point of error, appellant urges that the trial court erred in denying his motion for mistrial during the guilt-innocence stage of the trial when the prosecutor asked an improper question.

Appellant testified in his own behalf. On cross-examination, appellant admitted he did not have a valid driver's license or liability insurance at the time of his arrest. The record then reflects the prosecutor asked:

Q. Why didn't you have a driver's license?

A. Basically, neglect. I let it go by.

Q. You had received a ticket in Austin before this happened for not having a driver's license, had you?

The question was not answered as appellant's counsel objected to the same as being a reference to an extraneous offense. The objection was sustained, and the jury was instructed to disregard the question and not to consider it.

It is well settled that any error in asking an improper question, particularly where it is not answered, will usually be cured or rendered harmless by the sustaining of an objection thereto and .by instructing the jury to disregard it. *Thomas v. State*, 578 S.W.2d 691, 695 (Tex.Cr.App.1979). *See also Livingston v. State*, 739 S.W.2d 311 (Tex.Cr.App.1987), cert. denied, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). *Kirby v. State*, 681 S.W.2d 131 (Tex.App.1984, pet. ref'd) held that an unanswered question by the prosecutor to a witness about his prior knowledge of the

defendant did not cause any harm that was not cured by the trial court's instructions to disregard. Such rule applies except in extreme cases where it appears the question is clearly calculated to inflame the minds of the jurors, and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Gailey v. State,* 671 S.W.2d 123 (Tex.App.1984, pet. ref'd); *see also Huffman v. State,* 746 S.W.2d 212 (Tex.Cr.App. 1988); *Beck v. State,* 719 S.W.2d 205 (Tex.Cr.App.1986).

Whether a given case fits the exception or the rule will depend, of course, upon its particular facts. *See Williams v. State,* 643 S.W.2d 136 (Tex.Cr.App.1982). In the instant case, the appellant admitted he had no valid driver's license at time of his arrest due to neglect. The complained of question about receiving a previous "ticket" for failing to have a driver's license immediately followed. It was not answered and the court sustained the objection and instructed the jury to disregard the question. We conclude the instant case falls within the rule. Appellant's sixth point of error is overruled.

The judgment is affirmed.