IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-365-CR





WILLIAM BAUDER, III,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0913613, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 




 After finding appellant guilty of the offenses of aggravated sexual assault of a child,
Tex. Penal Code Ann. § 22.021(a)(1)(B) (West 1989), and indecency with a child, Tex. Penal
Code Ann. § 21.11(a) (West 1989), the jury assessed punishment at confinement for seventy-five
years and confinement for ten years, respectively. In a single point of error, appellant asserts that
the trial court erred in overruling his motion for a mistrial after the State questioned appellant
about an unadjudicated extraneous offense. We will overrule appellant's point of error and affirm
the judgment of the trial court.

 The victim, age ten years (age seven at the time in question), testified that appellant
had been her baby-sitter "a lot of times." The victim stated that after appellant removed both his
clothes and her clothes, he would perform the following acts: penetrated her vagina with his
sexual organ, hurting her when he attempted this act; kissed her on the mouth, vagina and other
parts of her body; put his fingers in her vagina; and made her kiss him on his penis and perform
oral sex. The victim demonstrated appellant's acts with the assistance of anatomically correct
male and female dolls.

 Appellant testified on direct examination that he would not do "anything like this 
to a woman or child." The following occurred during cross-examination of appellant that forms
the basis of appellant's point of error:



Q. [Prosecutor]  Well, you wouldn't come in here and tell us if you did, would
you?


A. [Appellant]  If I did -- If I did do it, I would tell you I did. If I did do it, I
would tell you, and that is the honest to God truth. I was raised that way. My
mother had raised me to where if I am -- if I do something wrong, admit to
what you have done, take your punishment, and get it over with.


Q. [Prosecutor]  Well, when you stole that man's car, did you admit to it?


A. [Appellant]  When I stole that man's car?


Q. [Prosecutor]  When you stole that man's car, did you admit to it?



Appellant's motion for a mistrial based on the prosecutor's injection of an unadjudicated offense
in violation of Rule 609(a) of the Texas Rules of Criminal Evidence was overruled. The court
stated that there would be no more of "that line of inquiry" and instructed the jury to disregard
the last question and response.

 The general rule governing impeachment by evidence of conviction of prior crimes
provides:



For the purpose of attacking the credibility of a witness, evidence that he has been
convicted of a crime shall be admitted if elicited from him or established by public
record but only if the crime was a felony or involved moral turpitude, regardless
of punishment, and the court determines that the probative value of admitting this
evidence outweighs its prejudicial effect to a party.



Tex. R. Crim. Evid. 609(a).

 However, evidence of an arrest or unadjudicated offense may be admissible when
a witness creates a false impression that suggests he has never been arrested or charged with an
offense and opposing counsel may expose the falsehood. See Delk v. State, 855 S.W.2d 700, 704
(Tex. Crim. App. 1993), cert. denied, 114 S. Ct. 481 (1993). In the instant cause, appellant
denied that he would "do anything like this" to a woman or child, but he did not suggest that he
had never been arrested or charged with an offense. Therefore, appellant did not open the door
for the prosecutor to question him about whether he admitted an unadjudicated auto theft offense. 
However, "it has long been held" that testimony referring to or implying extraneous offenses
allegedly committed by the defendant can be rendered harmless by an instruction from the trial
court to disregard. See Davis v. State, 642 S.W.2d 510, 512 (Tex. Crim. App. 1982); Kirkland
v. State, 786 S.W.2d 557, 562 (Tex. App.--Austin 1990, no pet.). In the instant cause, the
colloquy between the prosecutor and appellant constituted nothing more than a question about
whether appellant had admitted an extraneous offense. The matter was never alluded to again. 
In light of the court's instruction to disregard, we find beyond a reasonable doubt that the asking
of the question made no contribution to the conviction or to the punishment. Appellant's point
of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Aboussie, Jones and Davis*

Affirmed

Filed: May 25, 1994

Do Not Publish








* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).