Affirmed and Memorandum Opinion filed October 7, 2008








Affirmed and Memorandum Opinion filed October 7, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00464-CR

_______________

 

MANUEL OSCAR RAMIREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1058694

                                                                                                                                               


 

M E M O R A N D U M     O P I N I O N

Appellant, Manuel Ramirez, challenges
his conviction for aggravated sexual assault using a deadly weapon.  The jury
sentenced him to 70 years imprisonment and a $10,000 fine.  Appellant contends
that the trial court erred in denying his motion for mistrial after sustaining
his objection to a witness=s reference to an extraneous offense.  We affirm.

Background








Around 3:00 a.m. on January 2, 2006,
the complainant was awakened in her bedroom by a man covering her mouth and
holding a knife to her side.  The man told her to undress, said he was going to
rape her, and then did so.  Afterwards, the complainant fought back and gained
possession of the knife, cutting her hand in the process.  Her attacker escaped
through the bedroom window.

The complainant was transported to
the hospital, where a nurse practitioner performed a rape examination on her
and treated the deep cut she suffered in grabbing the knife from her attacker. 
The nurse took anal and vaginal swabs from the victim as part of performing the
rape examination.  These swabs were given to the Houston Police Department
Crime Laboratory so that DNA analysis could be performed.

The complainant later identified
appellant as her attacker by looking at a police photo spread.  The complainant=s daughter and niece, who were in a
nearby room during the attack, corroborated the complainant=s testimony regarding the attack, but
did not identify the attacker.  DNA testing performed on the anal swab produced
a DNA profile of the appellant.

The State called Cleva West of the
Houston Police Department Crime Laboratory as a witness during the
guilt-innocence phase of the trial.  West testified that she conducted an
examination of the anal swab taken from the victim to determine whether there
were DNA profiles of the appellant and of the victim.  The State asked West
during direct examination how she obtained appellant=s known serology sample for DNA
testing.  West answered by referring to another case number in front of the
jury:

STATE:           Okay. And you have a known sample
from the defendant, correct?

WITNESS:     Right.

STATE:           Manuel Ramirez?

WITNESS:     Right.

STATE:           Where did you get that, do you know?

WITNESS:     That=s
the sample that was submitted under a different case number.

Defense counsel immediately objected
and requested a bench conference, at which time the jury was removed from the
courtroom.








Outside the jury=s presence, defense counsel objected
to West=s response as improperly mentioning
an extraneous offense.  See Tex. R. Evid. 404(b).  Defense counsel
stated no other grounds for the objection.[1] 
The trial court sustained this objection.  Defense counsel renewed this
objection without mentioning the grounds after the jury returned to the
courtroom.  The objection again was sustained.  Defense counsel requested an
instruction for the jury to disregard West=s response.  The trial court granted
this request.  Defense counsel then moved for a mistrial.  The trial court
denied this defense motion.  Appellant now challenges the denial of a mistrial
on appeal.

Analysis

We review the denial of a motion for
mistrial for clear abuse of discretion.  Rojas v. State, 986 S.W.2d 241,
250-51 (Tex. Crim. App. 1998).  A trial court does not abuse its discretion
unless its decision falls outside the zone of reasonable disagreement.  Santellan
v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (en banc).  A witness=s inadvertent reference to an
extraneous offense generally can be cured by a prompt instruction to
disregard.  Rojas, 986 S.W.2d at 250.  We presume that a jury will obey
a trial court=s instruction to disregard evidence that has not been admitted.  Ladd
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  An exception exists
when the reference to an extraneous offense was clearly calculated to inflame
the minds of the jury or was of such damning character as to suggest it would
be impossible to remove the harmful impression from the jurors= minds.  Rojas, 986 S.W.2d at
250.








The facts here parallel Rojas,
a capital murder case.  During direct examination in Rojas, a Texas
Ranger responded to a question by the prosecution about the defendant=s confession as follows: AI believe that [victim] wanted
[defendant] to move out.  [Victim] knew because of [defendant=s] past anger, [defendant=s] past violence that that was the
only way . . . .@  Id.  Defense counsel objected immediately on several
grounds, requested an instruction for the jury to disregard, and moved for a
mistrial.  Id.  The trial court sustained the objection and gave the
requested instruction, but denied the motion for mistrial.  Id.  The
Texas Court of Criminal Appeals affirmed the trial court=s decision because the trial judge=s instruction to disregard cured any
error and denying the motion for mistrial was not an abuse of discretion.  Id.
at 250-51.

As in Rojas, the objectionable
reference in this case to Aa different case number@ was at most an oblique reference to
an extraneous offense.  Defense counsel objected immediately and the jury was
removed from the courtroom.  The jury, upon returning to the courtroom, merely
heard (1) the renewed objection without grounds; (2) the court=s ruling sustaining the objection;
(3) defense counsel=s request for an instruction to disregard; (4) the court=s issuance of an instruction to
disregard; (5) defense counsel=s motion for a mistrial; and (6) the trial court=s denial of this motion.  No further
elaboration on or reference to West=s objectionable comment was made by
either side. 

West=s statement here was not of a nature
calculated to inflame the jury, or of such damning character as to be
impossible to remove from the jurors= minds.  Rather, this statement was
adequately addressed by a sustained objection and an instruction to disregard. 
See id. at 250-51; Sperling v. State, 924 S.W.2d 722, 724-25
(Tex. App.BAmarillo 1996, pet. ref=d) (reference by State=s witness to defendant=s prior incarceration during direct
examination did not require mistrial); Rudd v. State, 921 S.W.2d 370,
373-74 (Tex. App.BTexarkana 1996, pet. ref=d) (reference by State=s expert witness to defendant=s arrest at age seven during direct
examination did not require mistrial); Kirkland v. State, 786 S.W.2d
557, 562 (Tex. App.BAustin 1990, no pet.) (reference by police officer to
defendant=s failure to appear in court for traffic citations during State=s direct examination did not require
mistrial).  In cases such as this, we must assume that the jury properly heeded
the instructions of the trial court.  See Ladd, 3 S.W.3d at 567. 








The witness=s reference to an extraneous offense
was cured by appellant=s objection and by the trial court=s instruction to disregard. 
Therefore, the trial court did not abuse its discretion in denying appellant=s motion for mistrial.  Appellant=s sole issue on appeal is overruled.

Conclusion

The trial court=s judgment is affirmed.

 

 

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed October 7, 2008.

Panel consists of Justices Yates,
Seymore and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).

 

 









[1]           Appellant suggests in his brief that trial
counsel also invoked Texas Rule of Evidence 403 in his objection.  However, the
record indicates that no grounds other than Rule 404(b) were given for the
objection.  Therefore, this court will not address whether the disputed
exchange is inadmissible under Rule 403.  See Tex. R. App. P. 33.1(a); Lankston
v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).