

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00170-CR

_____

JEREMIAH JAMES ALLOGGIO, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Court at Law No. 2
Wichita County, Texas
Trial Court No. 70978-F

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

The State filed an information charging Appellant Jeremiah James Alloggio with the offense of misdemeanor theft of property valued more than $100 but less than $750. *See* Tex. Penal Code Ann. § 31.03(e)(2)(A).

On the day of trial, before the jury panel was brought into court for voir dire, Alloggio objected to the jury panel pursuant to the U.S. Constitution, the Texas constitution, and article 35.11 of the code of criminal procedure. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 35.11. Alloggio contended that his jury panel was "not a truly randomly selected venire panel . . . that was randomly selected from the entire general panel." Alloggio argued that "some of those jury members -- those rejected jury members from the other [78th District Court] panel ended up here on this panel, and we believe that that's a violation of the said constitutional amendments and the aforementioned Texas Code of Criminal Procedure provision."[1] The trial court overruled Alloggio's objection. A six-person jury returned a guilty verdict, and the trial court sentenced Alloggio to 180 days in county jail with credit for 180 days of time served.[2] *See* Tex. Penal Code Ann. § 31.03(e)(2)(A).

---

[1] The record reflects that 19 of the 24-member jury panel in this case had served on a panel the day before in the 78th District Court but that none of the 19 had been selected to serve as jurors.

[2] The record reflects that on October 18, 2016, Alloggio walked into Sutherlands, a local home improvement store, and placed a $299 Winchester safe in

Alloggio raises one point on appeal challenging the trial court's decision to overrule his objection to using a jury panel that he contended was not randomly selected from the general panel and thus in violation of article 35.11 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 35.11. Alloggio argues that because 19 of the 24 panel members had been chosen from the general panel to serve on the jury panel in another case, he "was left with the remnants of the general panel, which is no longer 'random.'" According to Alloggio, because his jury panel consisted of people who were rejected or not selected from another panel, he did not have a randomly selected jury panel from the general panel. In his appellate brief, Alloggio analogizes his panel to a handful of jelly beans that had been grabbed from the bag and then one particular flavor taken out. According to Alloggio, the remaining jelly beans—representative of his jury panel—are no longer random.

Article 35.11 of the code of criminal procedure provides that

> [t]he trial judge, on the demand of the defendant or his attorney, or of the State's counsel, shall cause a sufficient number of jurors from which a jury may be selected to try the case to be randomly selected from the members of the general panel drawn or assigned as jurors in the case. The clerk shall randomly select the jurors by a computer or other process of random selection and shall write or print the names, in the order selected, on the jury list from which the jury is to be selected to try the case. The clerk shall deliver a copy of the list to the State's counsel and to the defendant or his attorney.

---

his cart. He then walked out of the store without paying for the safe, and when a clerk yelled at Alloggio to stop, Alloggio returned to the store, sat down, and waited to be arrested.

*Id.* The court of criminal appeals has noted that while parties may use article 35.11 for various strategic reasons, the purpose of the statute is to "ensure the compilation of a random list of jurors." *Ford v. State*, 73 S.W.3d 923, 926 (Tex. Crim. App. 2002). "The juror list is not random if the record indicates that the 'process of assembling a jury was subverted,' or the rules and statutes mandating random selection of jurors were disregarded, or the panel was reordered after being assembled." *Railsback v. State*, 95 S.W.3d 473, 483 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (quoting *Ford*, 73 S.W.3d at 926).

Alloggio fails to provide us with any authority to support his contention that a panel consisting, in part, of members who were recently on a different panel but were not selected as jurors is not random and is therefore a violation of article 35.11. *Cf. Bolden v. State*, 683 S.W.2d 822, 823 (Tex. App.—Texarkana 1984, pet. ref'd) (holding "[i]t is not a ground of disqualification that jurors have . . . served on the panel in companion cases against codefendants or on a prior trial of the same defendant"); George E. Dix, 43 *Texas Practice Series: Criminal Practice and Procedure* § 41:50 (3d ed. 2017) ("The mere fact that a panelist was on a recent jury panel is not a ground for a challenge for cause.").

Alloggio relies on a single case that involved the denial of a request to shuffle a venire panel; we do not understand how this case supports his contention of error. *See Davis v. State*, 573 S.W.2d 780, 780 (Tex. Crim. App. [Panel Op.] 1978) ("The appellant contends that the trial court erred by denying his motion to re-shuffle the

jury panel for his case."). Alloggio never requested a shuffle. Nor does he explain how reshuffling the allegedly pre-sorted jelly beans would have remedied his complaint about the venire's composition.

However, even if we were to construe Alloggio's objection as a request for a shuffle, and then assume without deciding that the trial court erred by failing to shuffle the panel, Alloggio has failed to explain how he was harmed by the error. *See Railsback*, 95 S.W.3d at 483 (explaining that any error in denying a request for jury shuffle is nonconstitutional in nature and requires harm that affected one of the defendant's substantial rights).

Accordingly, we overrule Alloggio's sole point and affirm the judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 31, 2019